FRANK M. JENKINS, Respondent, *v.* JOHN L. PUTNAM, Appellant.

*It seems* that the provisions of the Code of Civil Procedure (§§ 870, 873), in reference to the examination of a party to an action before trial, do not absolutely bind the judge to whom application is made for such an examination to grant an order, although the affidavit presented in form conforms to the requirements of said provisions

Where from the nature of the action and the other facts disclosed, the judge can see that the examination is not necessary; that it is sought merely for annoyance or delay, he may in his discretion, deny the application.

Conceding the provision requiring the judge to make the order to be mandatory, it does not interfere with the power of the Supreme Court; it may, on motion, in the exercise of its discretion upon all the facts appearing, vacate the order and leave the party to take the examination on the trial.

An order vacating an order for the examination of a party is not reviewable here, unless it appears from it that the decision was placed upon some ground of law not involving discretion.

(Argued June 7. 1887; decided June 28, 1887.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made February 7, 1887, which affirmed an order of Special Term, vacating a justice's order for the examination of the plaintiff as a witness before trial.

The facts are sufficiently stated in the opinion.

*Charles S. Lester* for appellant. Under the Code, a party has a right to examine his adversary at any time before trial. (Code, § 870; *Davis* v. *Stanford*, 37 Hun, 531; *Harrold* v.

*N. Y. El. R. R. Co.*, 21 id. 268; *Sweeney* v. *Sturgess*, 24 id. 162; *Ball* v. *Evening Post*, 5 N. Y. 229; *Tebo* v. *Baker*, 77 id. 33.) The right of a party to examine his adversary upon all of the material issues of the case is an absolute and unqualified right, and when a party complies with section 872 of the Code of Civil Procedure he is entitled to the order for examination. (*Glenny* v. *Stedwell*, 64 N. Y. 120; *Green* v. *Wood*, 15 How. 338; *Harrold* v. *N. Y. El. R. R. Co.*, 21 Hun, 271; *Davis* v. *Stanford*, 37 id. 531; *Sweeney* v. *Sturgis*, 24 id. 162) A bill of discovery might be filed as well to rebut and repel a claim as to establish an original case. (*Atlantic Ins. Co.* v. *Jose Maria Lunar*, 1 San. Ch. 91; *Schroeffel* v. *Redfield*, 5 Paige, 245; *Norton* v. *Woods*, id. 249; *Vance* v. *Andrews*, 2 Barb. Ch. 370; *Sperry* v. *Miller*, id. 632; *Lane* v. *Stebbins*, 3 Edw. Ch. 480; *Glascott* v. *Copper Miners' Co.*, 11 Sim. 305.)

*John L. Henning* for respondent. Where an order to examine is granted within the provision of section 870 of the Code, and the question is whether the affidavit is sufficient within section 872 of the Code, and the rules of the Supreme Court, then the granting or the refusing of the order is discretionary. (*Glenney* v. *Stedwell*, 64 N. Y. 120; *King* v. *Leighton*, 58 id. 384; *Merch. Nat. Bk.* v. *Sheehan*, 101 id. 176.) The order being discretionary with the court below, its determination is not reviewable in this court. (*Greenleaf* v. *Brooklyn, etc., R. R. Co.*, 102 N. Y. 96; *Woerishoffer* v. *N. River Const'n Co.*, 99 id. 398.) The court is not bound to grant an order to examine a party even if the papers are formally correct. It may examine into the facts and object, to see that the law is not perverted to mischievous and injurious ends. (*Chapin* v. *Thompson*, 16 Hun, 53; *Schepmoes* v. *Boussen*, 1 Abb. [N. C.] 481.) Upon an application under section 872 of the Code to examine the adverse party as a witness before trial the affidavit must state such facts and circumstances as will authorize the court or judge to conclude that the testimony of such witness is in fact necessary and

material. (Sup. Ct. Rule, 83 ; *Chapin* v. *Thompson*, 16 Hun, 53–56; *Crook* v. *Corbin*, 23 id. 176; *Fourth Nat. Bk.* v. *Boynton*, 29 id. 441; *Robertson* v. *Russell*, 20 id. 243; *Beach* v. *Mayor*, etc., 14 id. 79; 1 Abb. [N. C.] 337, note.) A party cannot be compelled to be examined before trial when the evident object of the examination is to compel him to disclose the evidence by which he intends to establish his case, or where the object is simply to disprove that party's case. (*Adams* v. *Cavanaugh*, 37 Hun, 232, 236, 237; *Chapin* v. *Thompson*, 16 id. 53; *McMahon* v. *Brooklyn City R. R. Co.*, 20 Week. Dig. 404; *Wallace* v. *Wallace*, 19 id. 495.)

EARL, J. The defendant, desiring to obtain an examination of the plaintiff before trial, made an affidavit, in which, among other things, he stated " that the action is brought to recover for services and expenditures alleged by plaintiff to have been made and rendered by him in procuring a purchaser for certain real estate owned by defendant, and in making a sale of said real estate for the sum of $12,000, which, plaintiff alleges, he did upon the employment of the defendant, and which services, plaintiff also alleges, were worth $300, and the judgment demanded is for $300, besides costs; that an answer to said complaint has been served in which each and every allegation of the said complaint is denied; " that " the testimony of said plaintiff is material and necessary for the defendant and for the defense of said action ; that said plaintiff has knowledge of all the facts and circumstances relating to his alleged employment by defendant, and his alleged sale of real estate ; and defendant expects to prove by said plaintiff that he was not employed by the defendant as alleged in said complaint, and that he did not, in fact, sell said real estate." The affidavit was presented to a justice of the Supreme Court who made an order requiring the plaintiff to appear before a referee, named for the purpose, of being examined and to have his deposition taken in the action. Upon a motion subsequently made by the plaintiff at a Special Term of the Supreme Court, the same judge who granted the order, there presiding,

vacated and set it aside. The General Term having affirmed the order of the Special Term, an appeal has been taken to this court.

We are of opinion that the order appealed from is not reviewable here. Section 870 of the Code of Civil Procedure provides that the examination of a party to an action may be taken at the instance of an adverse party at any time before trial; and section 872 specifies what the affidavit, to obtain an order for such an examination, must contain. It requires that it must set forth, among other things, the nature of the action, and that the testimony of the party to be examined is material and necessary for the party making the application. Section 873 provides that the judge to whom such an affidavit is presented, " must " grant an order for the examination if an action is pending, and that the order may, in the discretion of the judge, designate and limit the particular matters as to which the party shall be examined.

While it is said in section 873 that the judge " must " grant the order, when an affidavit conforming to the requirements of the previous section is presented to him, yet we do not think that the language is absolutely mandatory, and that it was intended to deprive the judge of all discretion. The affidavit is required to disclose the nature of the action, and to set forth that the testimony of the party is material and necessary, and the judge must be able to see from the facts stated that the testimony is material and necessary. If from the nature of the action and the other facts disclosed he can see that the examination is not necessary for the party seeking it, then it cannot be supposed that it was the legislative intent that he should be obliged, nevertheless, to make the order. Here there is no allegation in the affidavit showing that the facts were not perfectly known to the defendant, or that it was important for him to have the testimony of the plaintiff before the trial, or that he had any reason to apprehend that he could not have his examination at the trial. The nature of the controversy shows that the facts of the case were probably within the knowledge of the defendant,

as the contract is alleged to have been made with him, and the services were claimed to have been rendered in the sale of his property. It is scarcely possible that the facts were not all as well known to the defendant as to the plaintiff, and as the defendant could examine the plaintiff at the trial, it does not appear that it was essential that he should have his examination before trial. The very purpose of requiring that the affidavit should set forth the nature of the action and of the defense thereto is to enable the judge to determine whether the examination should be ordered, and to place limits upon it. While the whole examination is placed within the absolute control of the judge by the power given him to place limits upon it, it cannot be supposed that it was intended to absolutely bind him to grant it, whatever might be his judgment as to its propriety or necessity. Where the judge can see that the examination is sought merely for annoyance or for delay, and that it is not in fact necessary and material, he ought not to be required, and cannot absolutely be required, to make the order.

Even upon the assumption that the provisions of the Code, which allow the examination of a party before trial and upon the trial, are substitutes for the bill of discovery in chancery, yet, upon the facts alleged in this affidavit, a bill of discovery could not have been maintained by the defendant against the plaintiff. It would have been dismissed as a "fishing bill" on the ground that the discovery was not necessary to enable the defendant to make his defense.

But, even if the provision requiring the judge to make the order should be held to be mandatory, yet the power of the Supreme Court to deal with the matter is left intact. It may, in the exercise of its discretion, upon all the facts appearing, vacate the order and leave the party to take the examination at the trial. It is one of those matters of practice and procedure which should always be left to the discretion of the court of original jurisdiction, and its decision should not be reviewed here unless it appears from its order that the decision was placed upon some ground of law not involving discretion.

This conclusion is sanctioned by the cases of *Glenney* v. *Stedwell* (64 N. Y. 120) and *Bank* v. *Sheehan* (101 id. 176),

The appeal should be dismissed, with costs.

All concur, except RAPALLO, J., who votes for affirmance.

Appeal dismissed.