## BALCOM *v.* ADAMS.

(*Supreme Court, General Term, Third Department.* September 24, 1888.)

1. PRACTICE IN CIVIL CASES—EXAMINATION OF DEFENDANT—TIME—MODIFICATION BY SPECIAL TERM.

Under Code Civil Proc. N. Y. § 873, providing that for reasons specified a party may obtain an order for the examination of the adverse party before trial, which shall be not less than 5 nor more than 20 days after the time fixed by the order for service, the special term cannot change the time for examination, fixed by a judge, to a time more than 20 days from the time fixed for service by the judge.

2. SAME—RIGHT TO EXAMINATION.

Such order should be vacated on appeal when it appears by the facts stated in the affidavits upon which it was granted that the plaintiff has no need of such examination to enable her to draw her complaint, that being the purpose for which the examination was asked.

Appeal from special term, Saratoga county; FISH, Justice.

Action by Fannie Balcom, administratrix of Lewis Balcom, against Maggie Adams, for work done and goods sold by plaintiff's intestate for defend-

ant. From an order refusing to vacate an order by a judge for an examination of defendant, the latter appealed.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*Charles M. Davison,* for appellant. *Jesse Stiles,* for respondent.

LEARNED, P. J. On May 29, 1888, plaintiff obtained from Justice FISH an order to examine defendant before trial. This was set aside by Justice FISH, June 2d. June 7th plaintiff obtained another order of like character from Judge PUTNAM, "on the affidavit of Jesse Stiles, verified June 5, 1888, and the affidavit of plaintiff, sworn to June 7, 1888, the order granted by Justice FISH, and the papers mentioned in said order and served." The examination was to be June 16th. The order required the service of the two affidavits of Jesse Stiles and of plaintiff. On an order to show cause, the defendant moved before Justice FISH, July 16th, and obtained the order from which this appeal is taken. That order recites that it appears that the affidavits and orders on which plaintiff's order to examine was obtained from Judge PUTNAM were sufficient, but that the order was not properly served, by reason of a failure to serve all the affidavits. It denies the motion to vacate, changes the time in Judge PUTNAM's order from June 16th to August 2d, and orders defendant to be then examined, and also orders a copy of this order to be served on defendant's attorney on or before July 28th, which shall be sufficient service.

The Code (section 873) provides that the examination shall take place not less than five nor more than twenty days after the time fixed for the service of the order. The time fixed by Judge PUTNAM's order for service was on or before June 11th; for examination, June 16th. The special term could not properly appoint a day for examination more than 20 days after that time. Whether the special term had any power to modify the order of Judge PUTNAM is at least doubtful. *Heishon* v. *Insurance Co.,* 77 N. Y. 278. This power of examination is strictly statutory, and the precise provisions of the statute must be followed. *Van Roy* v. *Harriott,* 30 Hun, 77. The application for an order to examine is stated to be made in order to enable plaintiff to prove her complaint; no complaint having yet been served. This kind of application should not be favored. A plaintiff should not try his case before issues are framed; and in ordinary and simple cases there can be no difficulty in framing a complaint, and no need of examining a defendant for that purpose. It is not right to use this provision of the Code in order to find out what chance of success the plaintiff may have. In this very case the plaintiff's own affidavit states facts enough from which a complaint could be drawn. The cause of action there alleged is that defendant received of plaintiff's intestate, in his life-time, goods, wares, and merchandise, and that said intestate performed for defendant work, labor, and services; that defendant is in possession of personal property belonging to said intestate at his death. The plaintiff says she does not know the exact amount of the indebtedness, or the quantity of the goods, etc.; but it is not necessary that she should know this in order to frame her complaint. Furthermore, it is stated in one of the plaintiff's affidavits that she has had the defendant cited before the surrogate in regard to the estate and property of the deceased, and that defendant, by wholesale affidavit and swearing, had deprived plaintiff of such examination. From this it may be inferred that defendant claims to own the property which plaintiff seeks to recover. We see, then, no reason why the plaintiff cannot, on the facts shown in her affidavit, frame a complaint sufficient for her alleged cause of action. Should the defendant require further particularity in the complaint, the plaintiff will be able to show defendant's refusal to give the knowledge she is alleged to have. The order appealed from should be reversed, with $10 costs, and printing disbursements; and the order granted by Judge PUTNAM should be vacated, with $10 costs.