Truax, J.
The action was brought to recover damages for injuries which the plaintiff alleges he sustained through the action of the defendants in selling the plaintiff an instrument or tool which the plaintiff alleges the defendants knew was dangerous and unfit for use. The allegation of the complaint, “that the defendant did not exercise due care or skill in manufacturing the catheter,” is not an allegation that the defendant did manufacture the catheter, but it is relevant to one of the material issues of the action, namely, the negligence of the defendant in selling the instrument, for they would be more likely to know the nature of an instrument that they had made, than they would be to know of one that they had not made, and their obligations would be greater in the one case than in the other. For this reason, that is, because it tends to show the negligence of the defendant, the plaintiff had a right to show by the defendant or any one else, that the defendant manufactured the instrument. Nor is it necessary that the plaintiff should have alleged in his moving papers, that there was no other witness by whom he could establish this fact. He has a right, if he sees fit, to call his adversary to prove his case.
It is objected by the defendant that the moving papers do not show “the nature of the action.” This objection is not well taken. The allegation that the action is brought to recover damages for a personal injury resulting from de-' fendant’s negligence, is a sufficient statement of the nature of the action. The plaintiff has complied with the requirements of the Code and the rules of practice, and was entitled to examine the defendant. The order vacating the order to examine the defendant as a party before trial, is reversed, and the examination is directed to proceed, with costs of this appeal to the appellant.
Sedgwick, Oh. J., concurs.