JAMES CHASKEL, Appellant, *v.* METROPOLITAN ELEVATED RAILROAD COMPANY, Respondent.

*N. Y. Supreme Court, First Department, General Term, July 9, 1889.*

1. *Examination before trial.*—Where neither the fact that the plaintiff has reason to apprehend that he cannot have the examination of the defendant at the trial, nor the fact that it is important for him to have such testimony before trial, appears in the affidavit upon which the application is founded, the examination of the defendant before trial should not be allowed.

2. *Same.    When vacated.*—The plaintiff should be relegated to the minutes of the corporation for his proof as to whether defendant was, or was not, a director thereof, and unless it appears that there are no such minutes, he should not be permitted to harass the defendant unnecessarily by an order for his examination; and such order should be vacated.

Appeal from an order vacating order for the examination of the defendant.

*Lewis Dansers*, for appellant.

*Davies & Rapallo*, for respondents.

VAN BRUNT, P. J.—The order appealed from is clearly right under the rules laid down governing the examination of parties before trial contained in the case of Jenkins *v.* Putnam (109 N. Y. 372). In that case it is distinctly held that certain facts must be made to appear to the judge before such an examination should be allowed, amongst which is the fact that the plaintiff has reason to apprehend that he cannot have the examination of the party at the trial or that it is important for him to have the testimony of the party to be examined before trial, neither of which allegations appear in the affidavit upon which the application in this case was founded. There seems to be no reason, whatever, why the examination should be allowed. It appears from

the plaintiff's brief that the claim is that a director of a corporation is primarily liable for the acts working a tort by the corporation and if he is correct; in that respect, then he needs no examination of any of the defendants in that regard, showing their assent to the acts done by the corporation.

As to the claim of proving whether the defendant Field was a director or not, the primary source for the proving of such facts are the minutes of the corporation; and until it appears that there are no minutes, the parties should be relegated to that source of information rather than harassing a defendant unnecessarily by an order for his examination.

The order should be affirmed, with ten dollars costs and disbursements.

BRADY and BARRETT, JJ., concur.