affords no protection to the assignee to the prejudice of such creditors. Smith v. Wise, 132 N. Y. 172; Davis v. Leopold, 87 Id. 620; Swift v. Hart, 35 Hun, 128; Sands v. Todwise, 4 John. 536. While it is said that an assignee, chargeable with participation in the fraud, cannot effectually assert any equity in his behalf, he may have rights which courts will recognize, arising out of his relation to the property, taken by virtue of a fraudulent assignment, so far as they are consistent with those of the creditors of the assignee and do not prejudice them. Smith v. Wise, ante; Loos v. Wilkinson, 113 N. Y. 485. And, where the assignee, before an action is brought to set aside the assignment, pays a preferred claim, he is entitled to a credit for the amount so paid, though the assignment was subsequently set aside as fraudulent against the creditors of the assignors. Id. Knower v. Bank, 124 N. Y. 552.

---

DANIEL E. BANDMAN, Appellant, v. GEORGE JONES, as Treasurer, etc., Respondent.

*Supreme Court, First Department, General Term, November 7, 1889.*

*Deposition. Examination before trial.*—The affidavit, to obtain an examination of plaintiff before trial, must show the necessity, and the want of knowledge, or the means readily to obtain it, of the facts on which the answer is to be made, or the case prepared for trial.

Appeal from an order denying motion to vacate an order for the examination of plaintiff before trial.

*Benno Leowy*, for appellants.

*Townsend, Dyett & Einstein*, for respondents.

DANIELS, J.—The action has been brought for the publication of an alleged libel in the New York Times, and the order was made for the examination of the plaintiff upon the statement that his testimony is material and necessary for the defendant in the defense of the action,

and to enable him to prepare his answer. · The facts concerning which it is stated to be necessary to examine the plaintiff are those which are set forth in the alleged libellous publication, and the answer intended to be made is stated to be that of a general denial and that the facts set forth in the alleged publication are true.

But neither of these statements, nor all of them taken together, indicate the existence of any necessity for examining the plaintiff as a witness in the action before trial.

It has not been set forth that the facts upon which the answer is designed to be made are not at present within the knowledge or otherwise readily attainable by the defendant. The presumption, on the contrary, is that they must be within his knowledge or had been obtained by him or others in the employment of the association before the time when this publication was made. From the statement made in his own affidavit and that of the attorney added to it, they can be accepted as entirely truthful and reliable, and still no probable necessity for the examination of the plaintiff in this manner has been disclosed.

The defendant certainly has the ability to deny the allegations in the plaintiff's complaint without such an examination, and so, if the facts have come to his information justifying the publication, he may also allege the truth of the publication without in any manner being dependent upon evidence to be derived from the plaintiff. If this cannot be done, the least that can be expected is that the affidavits should disclose such a state of facts. There can be no difficulty in an application of this description for the party in whose behalf it may be made to state why it becomes necessary to examine the opposite party; and if the applicant has not already the information to be acquired, that readily admits of a distinct statement to that effect. It was equally so as to the necessity of acquiring further information for the purposes of the proposed pleadings, or to prepare the case for trial.

And the additional statement may also readily be made, where the facts will justify it, showing the party's dependence upon evidence to be procured in this manner for the attainment of one or the other of these objects. As much as that is required by the authorities applicable to applications of this character. It is true that in the case of Herbage *v.* City of Utica, 109 N. Y. 81 ; the broadest possible discretion has been stated to exist for the making of this class of orders.

But this decision does not appear to be in harmony with what was decided in the same court in Jenkins *v.* Putnam, 106 N. Y. 272; where it was stated in the opinion followed by the court that "The affidavit is required to disclose the nature of the action, and to set forth that the testimony of the party is material and necessary, and the judge must be able to see from the facts stated that the testimony of the party is material and necessary. If from the nature of the action and the other facts disclosed, he can see that the examination is not necessary for the party seeking it, then it cannot be supposed that it was the legislative intent that he should be obliged, nevertheless, to make the order. Here there is no allegation in the affidavit showing that the facts were not perfectly known to the defendant, or that it was important for him to have the testimony of the plaintiff before the trial, or that he had any reason to apprehend that he could not have his examination at the trial."

The construction in this manner to be placed upon the provisions of the Code is in strict harmony with the decisions which have generally been made by this court upon the same subject, and seem to meet the necessity of the case rather than the wide and unlimited range of discretion mentioned in the later authority.

In Strakosch *v.* Press Publishing Co., 17 N. Y. Civ. Pro. 209 ; an application supported by affidavits substantially the same as those used in this action was held not to be sufficiently sustained for the support of an order for the examination of the plaintiff. And Balcom *v.* Adams, 15 N. Y.

Civ. Pro. 198 ; supports this construction of the law, and so does Kirkland *v.* Moss, 11 Abb. N. C. 421 ; Weston *v.* Reich, 48 Hun, 320 ; and Williams *v.* Folsom, 52 Hun, 68. And Dudley *v.* Press Publishing Co., 25 N. Y. State Rep. 320, in no manner extends these rulings, for there it was shown to have become necessary by the examination of the plaintiff to identify the letter which was published with the one written by him.

Under the rule which has been settled and followed, although not uniformly, yet by most of the authorities, the order which has been made in this case cannot be sustained, but it should be reversed, with the usual costs and disbursements.

VAN BRUNT, P. J., and BRADY, J., concur.

---

NOTE ON "EXAMINATION OF PARTY BEFORE TRIAL."

The affidavit, in order to justify an examination of defendant to enable the plaintiff to frame his complaint, should show a want of information as to such subject matters as will enable the plaintiff to make allegations material to the proper framing of the pleading, and should so specify such subject matters that the court may designate and limit the examination. DeLacy *v.* Wolcott, 36 St. Rep. 679. Proof of ignorance of the details and particulars generally, without specifying their kind, is insufficient. Id. Where an affidavit sets forth certain facts upon which the allegations of the complaint are to be based and alleges ignorance and inability to obtain information from certain sources as to the details and particulars of such facts, it is insufficient for failure to show the materiality of the information sought and the impossibility of obtaining it in other ways. Id.

No person should be subjected to a compulsory examination to obtain facts to frame a complaint, unless it appears that an application has been made to the proper officers of the company sought to be charged, or the individual possessed of the knowledge or information desired, and that a refusal has been made to give it or an imperfect response is given to the application. Sherman *v.* Beacon Cons. Co., 58 Hun, 143.

An affidavit, showing that an examination of the defendant before trial is necessary to obtain evidence to support the action, and that there is a probability that such evidence can be obtained from no other source, is

sufficient to sustain an order for such examination. Gilpin *v.* Daly, 59 Hun, 413.

The examination of a party before trial, to enable the defendant to answer, will be denied, when the information is otherwise attainable. Strakosch *v.* P. P. Co., 53 Hun, 503.

An affidavit, not showing want of knowledge or inability to procure the defendant's attendance at the trial, is insufficient. First Nat. Bk. *v.* Lindenmeyer, 55 Hun, 608.

The affidavit for the examination of a party before trial should be made by the party seeking it, and not by his attorney. Simmons *v.* Hazard, 58 Hun, 119. The party may be informed as to the matters as to which the attorney may have no knowledge. Id.

An order will be denied, where the affidavit is made by the attorney, upon information and belief, and the party knows the facts sought. Koehler *v.* Sewards, 55 Hun, 608.

Where there is no proof of any necessity for taking the examination of a party before instead of at the trial, and it does not appear that a knowledge of the facts sought to be obtained from the defendant, is necessary to enable the plaintiff to proceed with the prosecution of the action, an order for the examination of the defendant before trial cannot be sustained. Williams *v.* Folsom, 54 Hun, 308.

The examination of an adverse party before trial should be carefully guarded by the court. Sheehan *v.* Albany & B. T. Co., 54 Hun, 639. An order of examination in an action of negligence, where it is evident that the party desiring the examination is sufficiently acquainted with the facts to obtain his needful proof, and that he only desires the examination to discover to what his opponent will testify, should be vacated. Id.

Where the testimony sought may be obtained from primary sources, the order should be vacated. Chaskel *v.* M. R. Co., 53 Hun, 636.

A sufficient statement of facts to warrant the granting of an order, in the case of infancy or confidential relation, is found in Carter *v.* Good, 57 Hun, 116.

An examination of the plaintiff before trial as to the title is proper in an action of ejectment, when it is undisclosed by the complaint, and its source cannot be otherwise ascertained by the defendant. Thebaud *v.* Hume, 39 N. Y. St. Rep. 446.

In an action for damages alleged to have been caused by the negligence of defendant as owner of certain realty, where the defendant admits ownership, but denies possession or control, his examination before trial is not necessary and should not be granted. Galligan *v.* August, 45 N. Y. St. Rep. 276. Such fact can be legally ascertained in other ways. Id.

See note in 1 Sil. (Sup. Ct.) 1.