### DE LACY *v.* WALCOTT *et al.*

*(Superior Court of New York City, General Term. March 2, 1891.)*

DISCOVERY—SUFFICIENCY OF AFFIDAVIT.

> An affidavit for an order for the examination of defendant, to enable plaintiff to frame his complaint, gave the facts showing the nature of the action, and averred that, after the discovery sought, the complaint will state appropriate allegations, "based upon said facts," and that plaintiff and his attorneys had endeavored to obtain information and evidence "of the details and particulars of the matters hereinbefore set forth," and have not been able to procure or obtain either from defendant W., and that the books and records of the other defendant were kept in another state. *Held,* that the affidavit did not show the materiality and necessity for the examination, because the allegations were to be "based upon said facts" alleged by affiant, and because there was no specification of the kind of details and particulars required, and it did not appear that plaintiff has no other sufficient sources of knowledge.[1]

Appeal from special term.

This is an action by Peter De Lacy against Alfred L. Walcott and others. Plaintiff appeals from an order vacating an order for the examination of defendant to enable plaintiff to frame his complaint. Code Civil Proc. N. Y. § 872, which relates to applications for the examination of parties before trial, and requires the applicant to make a prescribed affidavit, provides, in subdivision 4, that such affidavit shall set forth "that the testimony of such person is material and necessary for the party making such application." Supreme court rule 83 provides that "the affidavit shall specify the facts and circumstances which show, in conformity with subdivision 4 of section 872, that the examination of the person is material and necessary."

Argued before SEDGWICK and TRUAX, JJ.

*E. J. Myers,* for appellant. *Lowrey, Stone & Auerbach,* for respondents.

PER CURIAM. The affidavit on which the order for the examination was based, after giving the usual preliminary statements, proceeded to give the facts that would show the nature of the action, and proceeded as follows: "The complaint to be framed herein will, after the discovery sought, state appropriate allegations, based upon said facts, and demand judgment," etc. "I do further say I have diligently endeavored to ascertain information and evidence of the details and particulars of the matters hereinbefore set forth, and, as I am informed and believe, my said attorneys have likewise endeavored so to do, but cannot procure or obtain the same, either by statements or admissions of the defendant Alfred L. Walcott, and also by reason of the fact that the book and record of the defendant the Rapid Transit & Bridge Con-

[1] See note at end of case.

struction Company are obliged to be kept in the city of Chicago aforesaid, so that proceeding for an inspection of their records is not available to deponent or his attorney." It thus appears that the affidavit does not show the materiality or the necessity of the examination, for the admitted purpose of the application,—to frame a complaint. To make appropriate allegations does not call for new knowledge to be gained from an examination, for they are to be based upon "said facts," which are known and stated in the affidavit. An ignorance of details and particulars, generally referred to without specification as to the kind of detail or particularity, does not show that sufficient knowledge or information is not possessed to enable the plaintiff properly to frame a complaint without uncalled for particularity or minuteness. Indeed, it does not appear that the plaintiff is not possessed of all the information the examination might furnish, although the affidavit avers that he has been unable to obtain the information from certain specified persons. *Non constat* that there have not been other sufficient sources of knowledge. The vacating of the order was called for on these grounds. An affidavit, to be sufficient to maintain such an order, should show a want of information as to subject-matters, information of which will enable the party to make allegations that are material to the proper framing of a pleading. The affidavit is so vague and indefinite as to the matters that it cannot be perceived, from all the averments taken together, that what the plaintiff seeks in the examination will be necessary to the complaint. Therefore it does not appear that the examination is necessary and material, within the meaning of the Code. There should be such a particularity of statement as to the subject-matter referred to (section 873) that the court may "designate and limit the particular matters as to which" a party to an action shall be examined. This provision is for the benefit of the party to be examined, and the papers should disclose sufficient to enable the judge, in his discretion, to direct what course the examination may take, and the party should have the means of claiming his right in that regard. On the present affidavits a judge could not make such a direction as the section intends. Order affirmed, with $10 cost.

## NOTE.

AFFIDAVIT FOR EXAMINATION OF PARTY BEFORE TRIAL — MATERIALITY AND NECESSITY OF TESTIMONY. The affidavit to obtain an order for the examination of a party before trial must allege positively, and not argumentatively and inferentially, the facts going to show the necessity for such examination. Feuchtwanger v. Dessar, 5 N. Y. Supp. 129.

——— AFFIANT. The question who is to make the affidavit, whether the party himself or his attorney, is to be determined by their respective knowledge of the materiality of the testimony sought. An affidavit made by the attorney, and stating the facts on information and belief alone, is insufficient. Koehler v. Sewards, 8 N. Y. Supp. 504. It was held in Hale v. Rogers, 22 Hun, 19, that where the attorney makes the affidavit he must allege, upon his own knowledge, the materiality of the testimony, or, if it be made on information, he must set out the sources thereof; but in Cross v. Insurance Co., 6 N. Y. Supp. 84, the supreme court held an affidavit made by the attorney on information and belief insufficient, where it alleged that the information was derived from defendant's agent, and no reason was shown why the agent himself did not make it. And in Simmons v. Hazard, 11 N. Y. Supp. 511, the supreme court, by VAN BRUNT, P. J., said: "These affidavits should be made by the party, he or she being the only one who can asseverate as to his or her own knowledge or intention, material allegations;" and it held an affidavit by an attorney insufficient where it did not appear that he had any peculiar knowledge of the facts, and no reason, save plaintiff's absence from the county, was given for his making the affidavit instead of plaintiff.

——— NECESSARY ALLEGATIONS. Affidavits have been held insufficient, as omitting essential allegations which are rather formal in their nature, and applicable to all cases: (1) For failure to show that the testimony sought was to be used at the trial, in Jenkins v. Putnam, (N. Y.) 12 N. E. Rep. 613: Spero v. Bank, 7 N. Y. Supp. 546; and Williams v. Folsom, 5 N. Y. Supp. 211; (2) for failure to allege that there is reason to apprehend that such testimony cannot be had at the trial, in Chaskel v. Railway Co., 6 N. Y. Supp. 369, and Bank v. Lindenmeyer, 8 N. Y. Supp. 447; (3) and for failure to allege that the facts sought to be elicited are not within affiant's knowledge, nor easily accessible to him, in Williams v. Folsom, 5 N. Y. Supp. 211; Keenan v. O'Brien, Id. 491; Bandmann v. Jones, 7 N. Y. Supp. 577; and Blennerhasset v. Stephens, 12 N. Y. Supp. 602.

NEW YORK SUPPLEMENT, vol. 13. [Super. Ct. N. Y.

In Keenan v. O'Brien an examination of defendant was sought to establish the fact of a partnership between him and plaintiff, and the affidavit, which was held insufficient, alleged that he had a copy of the partnership agreement, but failed to allege that plaintiff did not also have one. The affidavit, likewise held insufficient, in Bandmann v. Jones, stated that it was necessary to examine plaintiff as to the facts set forth in the alleged libel on which the suit was founded, the truth of which defendant intended to plead, but failed to allege that these facts were not in defendant's knowledge nor readily attainable by him. But in Videtto v. Dudley, 4 N. Y. Supp. 437, the superior court of New York city held that, where plaintiff sought an examination of defendant to prove that he was the manufacturer of a tool for the consequences of whose alleged defects plaintiff sued, it was not necessary to allege that there was no other witness by whom plaintiff could establish that fact.

—— SUFFICIENCY. In regard to the substance of the allegations of materiality and necessity, it was said in Jenkins v. Putnam, (N. Y.) 12 N. E. Rep. 613, that "the affidavit is required to disclose the nature of the action, and to set forth that the testimony of the party is material and necessary, and the judge must be able to see from the facts stated that the testimony is material and necessary. If from the nature of the action and the other facts disclosed he can see that the examination is not necessary for the party seeking it, then it cannot be supposed that it was the legislative intent that he should be obliged nevertheless to make the order. * * * Where the judge can see that the examination is sought merely for annoyance or delay, and that it is not in fact necessary and material, he ought not to be required, and cannot absolutely be required, to make the order." And in Beach v. Mayor, 14 Hun, 79, it is said that the Code contemplates an examination to be used as a deposition on the trial, hence the application must show such a purpose; and if it fails to show that, but on the contrary shows an intent to force the adversary to give information to enable the applicant to hunt up witnesses to be used against him, the application must be denied, or set aside as improvidently granted. Accordingly those affidavits are held insufficient which merely allege that the testimony sought is material and necessary, but fail to state any facts from which it may be determined whether it is so. Greer v. Allen, 15 Hun, 432; Robertson v. Russell, 20 Hun, 243; Corbett v. De Comeau, 44 N. Y. Super. Ct. 306; Spero v. Bank, 7 N. Y. Supp. 546.

In the following cases the court, in determining the necessity of the testimony sought, has held that the facts alleged in the affidavits were not sufficient to show that it was necessary: Crooke v. Corbin, 23 Hun, 176, an action for false imprisonment, where the affidavit alleged that one of the defendants procured the other, who was an officer of the law, to arrest plaintiff, claiming that he had committed a breach of the peace in their presence, and also alleged that their testimony was necessary, and that plaintiff could not safely proceed to trial without it; Bank v. Brackett, 31 Hun, 434, an action against a company and its president, where the affidavit alleged that the president's testimony was necessary to enable plaintiff to ascertain whether such company was a co-partnership, as alleged in the complaint, or a joint-stock association, as alleged in the answer, and also to ascertain the authority of such president to make notes on behalf of or in the name of his company; Balcom v. Adams, 2 N. Y. Supp. 255, in which the court said that an application for an order to examine defendant to enable plaintiff to frame his complaint "should not be favored," and that "it is not right to use this section of the Code in order to find out what chance of success the plaintiff may have," and held that in an action for an indebtedness to plaintiff's intestate for labor done and goods delivered it was not necessary to the framing of the complaint that plaintiff should know the amount of such indebtedness, and an examination to ascertain it should not be granted; and in Strakosch v. Publishing Co., 6 N. Y. Supp. 246, the court in determining the question of necessity did not confine itself to a consideration of the facts alleged in the affidavit for the order, but held that in an action for libel an examination would not be granted to enable defendant to frame a plea of justification, where it appeared, from the affidavit of the person on whose information the alleged libel was published, that he could furnish all the facts needed for such plea.

In an action upon a check, the defense to which was that the check was for alleged gaming, and other illegal considerations, plaintiff's affidavit stated that the check was given by defendant in satisfaction of a balance found due plaintiff on a settlement of accounts between them, and that defendant then took away with him plaintiff's memoranda, by which such balance was ascertained; that there was no other means of ascertaining such balance; that there was a valid consideration for such check; and that the defendant had special knowledge regarding certain facts of the case not possessed by any one else. It was held that this affidavit sufficiently showed the necessity of defendant's examination before the trial, since without it the custodian of the memoranda mentioned, which were essential to plaintiff's case, might be wholly unknown to him, and it might be impossible for him to obtain them upon the trial. Huntoon v. Jerkowski, ante, 40.

—— FISHING. The second class of insufficient affidavits are those which not only fail to show that the testimony sought is necessary, but which disclose upon their face the fact that the examination is only sought to acquaint the applicant with his adversary's evidence, so that he may be prepared to meet it at the trial. And so affidavits which allege that the examination is necessary to enable the applicant to prepare his prose-

cution or defense, or to prevent his being surprised by the adversary's evidence, have been held defective in Chapin v. Thompson, 16 Hun, 53; Smyth v. McGovern, 7 Wkly. Dig. 480; Wallace v. Wallace, 19 Wkly. Dig. 495; and in Bloom v. Patten, 10 N. Y. Supp. 228, an affidavit for the examination of defendant was held insufficient, where it appeared therefrom that plaintiff's object was to obtain information as to an anticipated defense, and to ascertain whether his cause of action could not be extended to other parties.

The affidavits which have been held to disclose mere "fishing expeditions" have no particular element in common, and there would seem to be no fixed test to which they can be subjected to detect this fault, except, perhaps, the fact that the information sought appears to be peculiarly within the knowledge of the applicant, which always vitiates the affidavit. In Schepmoes v. Bousson, 1 Abb. N. C. 481, an action for the breach of a contract to lease, an affidavit was held insufficient which alleged that defendant expected to prove by plaintiff that no such agreement was made, that he did not suffer any damages by the breach of it, and that the damages he did suffer were less than those he demanded. And in Manufacturing Co. v. Sutro, 6 N. Y. Supp. 384, an action for slanderous words spoken against plaintiff's business, an affidavit was held defective which alleged that plaintiff's information was not sufficient to enable him to ascertain the extent of defendant's statements, the person to whom they were made, nor the extent of the damage caused, and that plaintiff could not frame his complaint without an examination to ascertain these particulars. In the following cases the ground on which the affidavits were held insufficient was that the information sought to be obtained was peculiarly within the applicant's own knowledge: An affidavit is insufficient which alleges that it is impossible to determine from defendant's answer the items of materials sued for of which he admits the receipt, so that an examination is necessary that plaintiff may know what items of sale and delivery he will have to prove at the trial. Weston v. Reich, 1 N. Y. Supp. 412. In an action against a turnpike company for personal injuries sustained by driving off of defendant's road, an order for the examination of plaintiff was denied, where it appeared that one of defendant's witnesses was present when the accident occurred, and others were familiar with the condition of the road, and that defendant had stated that it expected to prove the extent of plaintiff's injuries by designated witnesses, and also that plaintiff's driver was drunk. Sheehan v. Turnpike Co., 8 N. Y. Supp. 14. And in Golin v. Town of Mooers, 8 N. Y. Supp. 12, an action for injuries sustained by reason of alleged defects in a bridge, an order for the examination of plaintiff, before answer, as to the location of the bridge, the alleged defects therein, the names of the persons present, etc., was refused.