### WOODHULL *v.* WASHBURN.

*(Supreme Court, General Term, First Department.  October 16, 1891.)*

EXAMINATION OF PARTY BEFORE TRIAL.

> On an application for the examination of defendant before trial, under Code Civil Proc. §§ 871–873, the affidavit was made by plaintiff's attorney, and failed to show that plaintiff did not have knowledge of the facts as to which the examination was sought, that the evidence was intended to be used at the trial, or that the testimony of defendant could not be taken on the trial as well as before; and, while it was alleged that an examination was necessary, no facts were alleged to show necessity. *Held*, that these were fatal defects, and an order for such examination should be vacated.

Appeal from special term, New York county.

Action by William A. Woodhull, as receiver, against Ansel L. Washburn, in which plaintiff obtained an order for the examination of defendant before trial, under Code Civil Proc. §§ 871–873. From the denial of his motion to vacate this order defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*William B. Ellison,* for appellant. *D. P. Ingraham, Jr ,* (*L. J. Morrison,* of counsel,) for respondent.

VAN BRUNT, P. J. Under the principles laid down in *Jenkins* v. *Putnam,* 106 N. Y. 272, 12 N. E. Rep. 613, the motion to vacate the order for the examination of the defendant should have been granted. Although there is an allegation that it is necessary to examine the defendant before trial, no facts are shown from which the court can judge that such allegation has any foundation. Neither is it shown that the defendant's testimony cannot be taken upon the trial as well as before the trial. The papers further do not show any intention to use the evidence which might be taken upon defendant's examination at the trial; nor does it appear that the plaintiff has no knowledge of the facts in relation to which he desires to examine the defendant. The affidavit is made by the attorney, who is not presumed to have any knowledge of the information possessed by the plaintiff. The papers upon which the order was granted seem to have been fatally defective, and the motion to vacate should have been granted. What rights the receiver might have if he had proceeded under the Revised Statutes it is not necessary here to discuss. The order should be reversed, with $10 costs of appeal, and disbursements, and the motion granted, with leave to renew upon additional papers on payment of the costs on appeal.