(7 Misc. Rep. 4.)

### POTS v. HERMAN.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. APPEAL—REVIEW BY COMMON PLEAS—DISCRETION OF CITY COURT.
     An exercise of discretion by the city court is not the subject of review by this court.

2. DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL.
     An order for the examination of a party before trial, granted by the city court upon prima facie proof of the requisite facts, is not reviewable by this court.

3. SAME—FAILURE TO PROVE REQUISITE FACTS.
     Such order, granted without any proof of the requisite facts, involves no exercise of discretion, but is absolute legal error, and so is within the appellate jurisdiction of this court.

4. SAME—EVIDENCE.
     To authorize an order for the examination of the defendant to enable the plaintiff to frame his complaint, it must appear that the information sought is material and necessary for the purpose, that the plaintiff has not the information, and that he cannot obtain it except by examination of the defendant.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Theodore Pots against Jacob Herman to recover $750, alleged to be due as commissions for the sale of goods by plaintiff for defendant. From an order denying a motion to vacate an order for the examination of defendant, so as to enable plaintiff to prepare his complaint, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Samuel G. Adams and Nathan Lewis, for appellant.
A. H. Berrick, for respondent.

PRYOR, J.    The respondent objects, in limine, that the order is not the subject of review by this court.    We have no jurisdiction to entertain an appeal from an order which the city court has granted in the exercise of its discretion.    Keller v. Feldmann, (Com. Pl. N. Y.) 21 N. Y. Supp. 581.    An order for the examination of a party before trial, if the requisite facts be presented, is discretionary, and so is not open to revision by us on appeal from the city court. Robinson v. Cornish, (Com. Pl. N. Y.) 12 N. Y. Supp. 929; Finlay v. Chapman, 119 N. Y. 404, 23 N. E. 740; Jenkins v. Putnam, 106 N. Y. 276, 12 N. E. 613; Glenney v. Stedwell, 64 N. Y. 120; Bank v. Sheehan, 101 N. Y. 176, 4 N. E. 333; Herbage v. City of Utica, 109 N. Y. 81, 16 N. E. 62; Clyde v. Rogers, 87 N. Y. 625; Stilwell v. Priest, 85 N. Y. 649.    But, if the facts indispensable to the allowance of the order be not apparent in the papers, the court has no power to grant it; and, having no discretion to make an order beyond its jurisdiction, in making it the court commits legal error. "If the affidavit discloses such a case as gives the judge the power to act, what action he will take is discretionary with him."    Glenney v. Stedwell, 64 N. Y. 128; Jenkins v. Putnam, 106 N. Y. 276, 12 N. E. 613.    "Here there were facts upon which the court had the power to exercise its discretion, and that is as far as our inquiry can extend."    Stilwell v. Priest, 85 N. Y. 650.

To authorize an order for the examination of the defendant, with a view to the preparation of the complaint, the moving affidavit must show the desired information to be material and necessary for the purpose; that the plaintiff is without such information, and that it is inaccessible to him otherwise than by recourse to his adversary.    Martin v. Clews, 55 N. Y. Super. Ct. 552; De Lacy v. Walcott, (Super. N. Y.) 13 N. Y. Supp. 800; Jenkins v. Putnam, 106 N. Y. 272, 12 N. E. 613; Strakosch v. Publishing Co., 53 Hun, 503, 6 N. Y. Supp. 246; Britton v. MacDonald, 3 Misc. Rep. 514, 23 N. Y. Supp. 350.    The plaintiff's affidavit exhibits neither that the facts he seeks are necessary to enable him to frame his complaint, nor that he is ignorant of them, nor that he cannot obtain them except by examination of the defendant.    On the contrary, the allegations in the affidavit comprise all the elements of a sufficient complaint, and they purport to be made on the personal knowledge of the plaintiff.    Plaintiff's application was premature.    After issue joined he may well claim the examination of the defendant with a view to the trial.

Upon the ground that nothing was presented to the court below to justify the order, it is reversed, with costs.    All concur.