(13 Misc. Rep. 631.)

## BOWE v. BRUNNBAUER.

(Superior Court of Buffalo, General Term. July 30, 1895.)

1. DISCOVERY—PHYSICAL EXAMINATION OF PARTY—DUTY OF ATTORNEY.
   Code Civ. Proc. § 873, which provides that an order for the physical examination of a party before trial must require the party "to appear before the judge, or before a referee," does not authorize an order directing the attorney for the party to produce him for examination.

2. SAME—PRODUCTION BEFORE SPECIAL TERM.
   The provision of Code Civ. Proc. § 873, that an order for the physical examination of a party before trial must require such party "to appear before the judge, or before a referee," does not authorize an examination before a special term of the court.

3. SAME—TIME.
   Code Civ. Proc. § 873, providing that an order for the physical examination of a party before trial must be served not more than 20 nor less than 5 days before the time fixed for the examination, unless there are special circumstances, which are shown in the affidavit and recited in the order, must be strictly followed, in order to justify an order for an examination within 5 days.

Appeal from special term.

Action by John Bowe against Valentine Brunnbauer. From an order directing plaintiff's attorney to produce the person of plaintiff before a special term of the court for the purpose of then and there having a physical examination of the person of plaintiff by physicians, and for an oral examination, plaintiff appeals. Reversed.

Argued before TITUS, C. J., and HATCH, J.

Nelson T. Barrett, for appellant.

Harry L. Taylor, for respondent.

HATCH, J. By the proceeding instituted it is sought to procure an examination of plaintiff, and his person, in order to enable defendant to properly frame his answer in the action. No point is made but that the moving papers are sufficient to accomplish the end sought, but it is earnestly insisted that the court is without power to make the order which it did make. In this regard we think the point is well taken, and that the position must be sustained. The order was made on the 20th day of February, 1895, and directed that plaintiff's attorney produce plaintiff before the court, at special term, on the following day, at 10 o'clock in the forenoon, and that plaintiff then and there, before the court, submit to a physical examination, conducted by certain physicians named in the order, for the purpose of ascertaining the nature and extent of his personal injuries alleged, and also provided for plaintiff's examination, as a witness, respecting the nature and extent of his injuries. The order is sought to be justified by section 873 of the Code of Procedure. The section provides that the court or judge may grant the order, upon a proper application, and "the order must require the party or persons to be examined to appear before the judge, or before a referee named in the order, for the purpose of taking the examination, at a time and place therein specified.

The order must also direct the time of service of a copy thereof; which must be within the state, not more than twenty, nor less than five days before the time fixed for the examination, unless special circumstances, making a different time of service necessary, are shown in the affidavit, and that fact is recited in the order." The right to the order asked is a statutory right, and no other authority exists, outside of the statute, for granting it. Consequently, authority must be there found for the order, or we are without power to support it. Heishon v. Insurance Co., 77 N. Y. 275. Tested by this rule, the order is without basis, in four particulars.

1. It commands the attorney to produce the party "for examination. There is no authority in the statute which authorizes the court to compel the attorney to produce the party. The statute is that the party must be required to appear. And we know of no power existing in the court, in a case like this, aside from the statute, which empowers the court to lay such a command upon the attorney. There must be some process to compel the attendance of a party against his will. But this order lays the command upon the attorney, and furnishes him with no process to compel its execution. The attorney is not the party, and he has no authority to compel the party to obey the order. In this respect, therefore, the order must fail.

2. The attorney is directed to produce the party before the court at special term. There is no warrant for this. The statute requires that the court or judge may make the order, but the order is to be that he appear before the judge or a referee. We look in vain for authority to compel or direct his appearance before the court. The language of the case above cited is, "no power is anywhere conferred upon the court to order the examination, or to take it." By amendment the power is now vested in the court to order the examination, but no power is anywhere expressed that it may take it. On the contrary, the express language is otherwise.

3. The order requires that the party be produced on the day following the order. The statute requires that not more than 20 nor less than 5 days shall intervene between the granting of the order and the examination, unless special circumstances be shown in the affidavit, and the fact recited in the order. This requirement is essential, and must be followed. Balcom v. Adams (Sup.) 2 N. Y. Supp. 255. Nothing is stated in the moving papers showing necessity for a shorter time than the statute provides. A statement is made showing reasons why an order to show cause is necessary on less than eight days' notice, but it is not claimed that this relates to the examination. No recital whatever is made in the order relating to the matter, nor is it otherwise indicated that a shorter time than the statute requires is needed.

4. The statute also requires that the order must direct the time of service of a copy thereof. There is no attempt whatever at compliance with this provision. The result is that the order should be reversed and set aside, with $10 costs and disbursements.