(9 App. Div. 208.)

FISKE et al. v. SMITH et al.

(Supreme Court, Appellate Division, Second Department.   October 13, 1896.)

1. EXAMINATION OF PARTY BEFORE TRIAL—PREVENTION OF PERJURY.
   An allegation by affiant that he is convinced that perjury will be com-
   mitted by defendants at the trial of the case is not sufficient to sustain an
   order for the examination of defendants before trial.

2. SAME—REVIEW BY APPELLATE DIVISION.
   The appellate division of the supreme court succeeded to all the powers
   of the general term (Const. 1895, art. 6, § 2), and therefore has jurisdiction
   to review orders for the examinations of parties before trial.

Appeal from special term, Kings county.

Action by George M. Fiske and William Homes against Frank E.
Smith and Flora Sawyer.   From an order denying a motion to va-
cate an order for the examination of the defendants before trial,
defendants appeal.   Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

J. Baldwin Hands, for appellant Smith.

Thomas O'Callaghan, Jr., for appellant Sawyer.

Robert D. Benedict, for respondents.

WILLARD BARTLETT, J.   The order for the examination of
the defendants before trial cannot be sustained.   The facts neces-
sary to be shown upon such an application have been so frequently
and so fully considered by the courts in the numerous reported cases
upon the subject that they do not need to be restated here.   In
our opinion, it does not appear from the moving papers that the
desired examination is either material or necessary.   The affidavit
upon which the order was granted is made by one William B. Gil-
more, who describes himself as the agent of the plaintiffs for the
purpose of making it, and who swears, among other things, that,
from the nature of certain testimony given by the defendants in a
chancery suit in New Jersey, "he is convinced that they would, if
placed on the stand at the trial of this cause, give false evidence,
which deponent could not then rebut; but, if examined before trial,
they will not dare to testify falsely to any facts of which the plain-
tiffs herein could prove the falsity, and on which examination the
plaintiffs could procure the indictment of said Smith and Flora
Sawyer."   In other words, the plaintiffs want to examine the de-
fendants before trial, in order to prevent them from committing
perjury upon the trial.   This reason is not recognized as sufficient
either by the Code or by the courts.   It would be a reflection on
the character of the parties to an action which the court has no
right to make to force them to submit to an examination upon the
assumption or assertion that such a course is necessary in order to
guard against subsequent false swearing on their part, especially
when there is nothing to sustain the assumption or assertion except
the bald statement of an agent of the adverse litigants that he is
"convinced" of the danger of perjury.   Nowhere else in the affida-

vit do we find any special conditions set out which indicate that the examination of these defendants should take place before rather than upon the trial. See Abbott-Downing Co. v. Faber, 87 Hun, 300, 34 N. Y. Supp. 433. The proposition that the determination of the judge who grants the order will not be reviewed on appeal is not correct so far as it relates to the appellate division. This court possesses all the powers which belonged to the general term at the time the present constitution took effect. Const. art. 6, § 2. The authority of the general term to review orders of this character was upheld in the case of Jenkins v. Putnam, 106 N. Y. 272, 12 N. E. 613.

The order appealed from must be reversed, and the motion to vacate the order of examination granted, with $10 costs and disbursements. All concur.