■ NATHAN SCHWARTZ, Respondent, v. COMPANIA AZUCARERA VERTIENTES-CAMAGUEY DE CUBA, Appellant, and PETER L. F. SABBATINO, as Temporary Receiver, Respondent.— In an action by a stockholder pursuant to section 977-b of the Civil Practice Act for the appointment of a receiver of the assets in this State of a foreign (Cuban) corporation, allegedly nationalized by the Government of the Republic of Cuba, the defendant foreign corporation appeals from an order of the Supreme Court, Kings County, dated September 14, 1960, which denies its motion for alternative relief: either to vacate an order, dated August 16, 1960, appointing ex parte a temporary receiver of its New York assets or to appoint a temporary receiver of its own choice in place of the receiver previously appointed. Special Term denied the motion on the ground that the issues presented could be decided only after a trial and that the defendant could obtain an early trial by promptly filing an answer, whereupon it would be entitled to an order setting the case down for trial on a day certain, as a preferred cause (Civ. Prac. Act, § 977-b, subd. 9). Order affirmed, without costs. Although the statute provides that upon an affidavit reciting that personal service of the summons cannot be effected within the State with due diligence and upon a summons and verified complaint alleging that the defendant is a foreign corporation and alleging other jurisdictional facts including the fact that it has been dissolved, nationalized or that it has ceased to do business, the plaintiff, without notice, may apply for the appointment of a temporary receiver and that the court *must* thereupon appoint such receiver, in our opinion the court was not required to appoint a temporary receiver upon the bare allegations in the complaint in this action, made on information and belief and without alleging any supporting facts, that the Government of Cuba had nationalized the defendant and confiscated all its assets, and that the defendant had ceased to do business and was in the process of liquidating its assets. Neither do we consider the averment on information and belief in plaintiff's affidavit on the application for the appointment of the receiver that " the defendant does not do any business within the State of New York, and personal service of the summons cannot therefore be effected within the State of New York with due diligence ", which averment was apparently based on the fact that the defendant was not qualified to do business in this State, as a recitation of the facts sufficient to require that a receiver be appointed ex parte. Although the word " must " as used in the statute (Civ. Prac. Act, § 977-b) was apparently intended to have an imperative meaning (cf., however, *Jenkins* v. *Putnam,* 106 N. Y. 272; *Matter of Thurber,* 162 N. Y. 244; *Munro* v. *State of New York,* 223 N. Y. 208), we do not believe that it was intended thereby to deprive the court of all discretion to examine the affidavit and pleading submitted and to require proof by affidavit and proper allegations of the facts

upon which the stated conclusions are based. We are not prepared to say, however, that the complaint and affidavits could not have been accepted as sufficient, as they were here, subject to the power of the Judge who made the order and the power of the court to vacate it upon disclosure of the facts (cf. Civ. Prac. Act, § 131; *Jenkins* v. *Putnam, supra*). Upon examination of the facts as disclosed by the papers presented on the motion which resulted in the order appealed from, we are of the opinion that there is at least a question which should be determined on trial, as to whether, within the meaning of the statute (Civ. Prac. Act, § 977-b), the foreign corporate defendant had ceased to do business. The record also discloses that when the temporary receiver was appointed plaintiff had reasonable grounds to believe that service of the summons could not have been made upon defendant with due diligence within the State of New York. It is also our opinion that the personal service of the summons referred to in subdivision 4 of section 977-b of the Civil Practice Act, means valid personal service, sufficient to subject a defendant to the jurisdiction of the court. From the record it is by no means clear that the corporate defendant has been conducting business within the State to such an extent as to subject it to service of process (cf. *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *Sterling Novelty Corp.* v. *Frank & Hirsch Distr. Co.*, 299 N. Y. 208). We do not reach defendant's argument that the statute is unconstitutional. The record does not disclose that the question was presented at Special Term (cf., however, *Oliner* v. *American-Oriental Banking Corp.*, 252 App. Div. 212, affd. 277 N. Y. 588; *Stephen* v. *Zivnostenska Banka Nat. Corp.*, 3 N Y 2d 931). Neither do we see any improper exercise of discretion in the Special Term's denial of defendant's motion to substitute the chairman of its board of directors as temporary receiver in the place of the receiver appointed by the court. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.