## WILLIAMS *et al. v.* FOLSOM *et al.*

*(Supreme Court, Special Term, New York County.　November 19, 1885.)*

WITNESS—EXAMINATION BEFORE TRIAL—PARTIES.

Code Civil Proc. N. Y. § 872, as amended by Laws 1878, c. 299, and Laws 1880, c. 536, which provides (subdivision 5) that if an action is pending a witness may be examined before trial, on affidavit that he is about to depart from the state, or that he is so sick or infirm as to afford a reasonable ground to believe that he will not be able to attend the trial, does not authorize the examination on those grounds of a party to the action; it being therein expressly provided that subdivision 5 shall not apply to a case where the person to be examined is a party to the action.

At chambers.　Motion to vacate order for examination of defendants before trial.

*Carter, Hughes & Cravath*, for plaintiffs.　*Davenport, Smith & Perkins*, for defendants.

LAWRENCE, J.　Notwithstanding the amendments made to sections 870 and 872 of the Code of Civil Procedure by chapter 299 of the Laws of 1878, and chapter 536 of the Laws of 1880, the party to an action who proposes to be examined as a witness in his own behalf cannot procure an order for that purpose solely upon the ground that he is to depart from the state, or that he is so sick or infirm as to afford reasonable ground to believe that he will not be able to attend the trial.　The fifth subdivision of section 872 is still in

force, and from its provisions a party to the action is expressly excepted. Since the amendment of 1880 it has been held by Mr. Justice FREEDMAN, in *Preston* v. *Hencken*, 9 Abb. N. C. 68, that the examination cannot be had upon an affidavit which merely states the grounds specified in that subdivision of section 872. The case of *Briggs* v. *Taylor*, 4 Civil Proc. R. 328, may have been rested upon its own peculiar features, but if it is to be regarded as in conflict with *Preston* v. *Hencken*, *supra*, I think that I ought to follow the latter case. An examination of the affidavit in this case does not disclose any grounds for the examination of the plaintiff other than those specified in subdivision 5 of section 872. The basis of the application is that the plaintiff is about to depart from the state, and that there is reasonable ground that she will not be able to attend the trial. No other special circumstances are stated which render the examination necessary or proper. The motion to vacate the order on the ground that it was improvidently made should therefore be granted, with costs to abide the event. See *Jenkins* v. *Putnam*, 106 N. Y. 272, 12 N. E. Rep. 613.