## McVITY *v.* STANTON.

*(Common Pleas of New York City and County, General Term.    April 6, 1891.)*

1. DEPOSITION OF PARTY TO ACTION.

   The provision in Code Civil Proc. N. Y. § 872, subd. 5, authorizing the taking of the deposition of a person "about to depart from the state, "or who is sick or infirm, etc., that "this subdivision does not apply to a case where the person to be examined is a party to the action, " has no application to the taking of the deposition of a party to an action at his own instance before trial, under the amendment of section 870, enacted in 1878; there having been previously no provision for taking such a deposition. Disapproving *Preston* v. *Hencken,* 9 Abb. N. C. 68, and *Williams* v. *Folsom,* 3 N. Y. Supp. 681, and 5 N. Y. Supp. 211.

2. SAME.

   That a party to an action is employed as a traveling salesman, and is thereby compelled to be absent from the state for months at a time, and that he is about to leave the state in the course of such employment, is sufficient ground for permitting his deposition to be taken before trial, on his own application, under Code Civil Proc. N. Y. § 870, as amended in 1878, allowing the deposition of a party to be taken "at his own instance."

Appeal from special term.

Action by James McVity against Daniel N. Stanton. Defendant appeals from an order denying his motion to vacate an order for the taking of the deposition of plaintiff before trial, made on the application of plaintiff. On the hearing of defendant's motion at special term, the following statement of facts and opinion were filed by J. F. DALY, C. J.:

"An order having been granted the plaintiff for the taking of his own deposition pursuant to section 870 of the Code of Civil Procedure, the defendant moves to set it aside. The grounds stated in plaintiff's affidavit for his own examination are that he is about to leave the state of New York to engage in traveling in the western states and other places as a commercial salesman for a manufacturing corporation carrying on business at Cincinnati, Ohio, and does not expect nor intend to return to the city and county of New

York or state of New York until the month of July next, when he expects to be in the city of New York for a few days, then to resume for six months or more his said business outside of the state of New York; that, as he believes, he will be unable to attend the trial of this action; and that his testimony is necessary and material in his own behalf in the respects set forth particularly in his affidavit. The contention of the defendant is that the examination of a party cannot be taken at his own instance before the trial when the sole ground of his application is that he is about to depart from the state; citing section 872 of the Code, subd. 5, which prescribes the affidavit to be presented by a person desiring to take a deposition before trial, and which reads as follows: 'If an ac-action is pending, that the person to be examined is about to depart from the state; or that he is so sick or infirm as to afford reasonable ground to believe that he will not be able to attend the trial; or that any other special circumstances exist which render it proper that he should be examined as prescribed in this article. But this subdivision does not apply to a case where the person to be exam-- ined is a party to the action.' When the Code of Civil Procedure was originally enacted in 1877 it contained no provision for taking a deposition of a party to an action at his own instance before a trial. Section 870 provided that the deposition of a party to an action might be taken at the instance of an adverse party or of a co-plaintiff or co-defendant at any time before the trial. Section 871 provided for the deposition of a person not a party, and section 872, in making general provision for such examination, and specifying the requirements of the affidavit upon which the application was based, declared that when the person to be examined was a party to the action it should not be necessary to show that he was about to depart from the state, or was so sick or infirm as to afford reasonable ground to believe that he would not be able to attend the trial. The object of this provision was perfectly plain. An adversary or co-plaintiff or co-defendant might be compelled to submit to an examination at any time before the trial, and it was not necessary to show any of the special circumstances required to procure the ordinary deposition of a witness *de bene esse.* As no provision of law then existed for a party having his own deposition taken, the provision of subdivision 5 above quoted could in no respect apply to any such application. The following year, 1878, the Code, § 870, was amended by providing that a deposition of a party to an action might be taken at his own instance at any time before the trial. No change in subdivision 5 of section 872 was made. But the intention of the legislature in the latter enactment being perfectly plain and apparent, and not applicable, when it was passed, to the examination of a party at his own instance, it would be a strained construction to hold that it was intended to apply to such a case when subsequently authorized by the legislature, for it would prohibit the examination of the party in the very cases in which such examination would ordinarily be of any practical use to him. It is not easy to conceive of any circumstances under which a party to an action would desire to have his deposition taken before trial except that on account of absence from the state or illness it was apprehensive that he would· not be able to offer himself as a witness on his own behalf at the trial. At all events, those would be the circumstances under which this application would in most instances be made, and as there is clear evidence that the intention of the legislature in enacting subdivision 5 of section 872 was to confine its application to other cases, we are justified in holding that this case is not within it. *Preston* v. *Hencken,* 9 Abb. N. C. 68, (Super. Ct.) and *Williams* v. *Folsom,* 3 N. Y. Supp. 681, (Sup. Ct.) are in conflict with this view. In the former case the opinion does not disclose that the history of the amendment to section 870 was considered. The latter case followed the former as controlling. But for the reasons I have stated I think that the ruling in *Briggs* v. *Taylor,* 4 Civil Proc. R. 328, should be adhered to, if we would give the party to an action the benefit which the legislature by the amendment of 1878 evidently

intended that he should have. It is, of course, not required that in every case where a party to an action shows an intention to leave the state, and urges the probability that he may not be present at the trial, that the court should grant his application for the taking of his own deposition *de bene esse.* It must be shown that he is compelled by circumstances over which he has no control to absent himself from the jurisdiction, and that the application is made in good faith. It is in the discretion of the court to grant or refuse the taking of the deposition. *Jenkins* v. *Putnam,* 106 N. Y. 272, 12 N. E. Rep. 613. In the present case, as I understand from the affidavit of the plaintiff, his business is that of a commercial traveler or traveling salesman, and requires him to be out of the state for many months at a time; his employer, a manufacturing corporation, doing business at Cincinnati, Ohio. The plaintiff, therefore, being an employe, and his time not being his own, it may not be possible for him, consistently with his duties to his employer, to be present in this state when his cause is called for trial. Under the circumstances it might involve considerable loss to him if he were not permitted to have his deposition taken to provide against such an emergency. The motion to vacate the order for examination will be denied, but without costs; and as the defendant asks for an opportunity to have the law settled by the general term in view of the difference between the special terms on this question, a stay should be granted until an appeal can be heard; it being probable, as I understand the position of the case on the calendar, that the trial will not be had before the appeal is determined."

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Dill, Chandler & Seymour,* (*James B. Dill,* of counsel,) for appellant. *Abbott Bros.,* (*William A. Abbott,* of counsel,) for respondent.

PER CURIAM. Upon careful consideration of the opinions in *Preston* v. *Hencken,* 9 Abb. N. C. 68, and in *Williams* v. *Folsom,* 3 N. Y. Supp. 681, 5 N. Y Supp. 211, we are clear that the reasoning of the learned chief judge in the decision appealed from proceeds upon the more solid grounds, and conducts to the more consistent and satisfactory conclusion. Accordingly the order is affirmed on the opinion at special term. Order affirmed, with costs.