The following is the opinion at special term:
Daly, Ch. J.
When the Code of Civil Procedure was originally enacted in 1877 it contained no provision for taking a deposi *753 tion of a party to an action at his own instance before the trial. Section 870 provided that the deposition of a party to an action might be taken at the instance of an adverse party or of a co-plaintiff or co-defendant at any time before the trial; § 871 provided for the deposition of a person not a party, and § 872 in making general provision for such examination and specifying the requirements of the affidavit upon which the application was based, declared that when the person to be examined was a party to the action, it should not be necessary to show that he was about to depart from the state, or was so sick or infirm as to afford reasonable ground to believe that he would not be able to attend the trial. The object of this provision was perfectly plain: An adversary or co-plaintiff or co-defendant might be compelled to submit to an examination at any time before the trial, and it was not necessary to show any of the special circumstances required to procure the ordinary deposition of a witness de bene esse. As no provision of law then existed for a party having his own deposition taken, the provision of subd. 5 above quoted, could in no respect apply to any such application. The following year, 1878, the Code, § 870, was amended by providing that a deposition of a party to an action might be taken at his own instance at any time before the trial. No change in subd. 5 of § 872 was made. But the intention of the legislature in the latter enactment being perfectly plain and apparent, and not applicable when it was passed to the examination of a party at his own instance, it would be a strained construction to hold that it was intended to apply to such a case when subsequently authorized by the legislature; for it would prohibit the examination of the party in the very cases in which such examination would ordinarily be of any practical use to him.
It is not easy to conceive of any circumstances under which a party to an action would desire to have his deposition taken before trial except that on account of absence from the state or illness it was apprehensive that he would not be able to offer himself as a witness on his own behalf at the trial. At all events, those would be the circumstances under which this application would in most instances be made, and as there is clear evidence that the intention of the legislature in enacting subd. 5 of § 872 was to confine its application to other cases, we are justified in holding that this case is not within it
Preston v. Hencken, 9 Abb. N. C., 68, Supr. Ct, and Williams v. Folsom, 3 N. Y. Supp., 681, Supreme Ct., are in conflict with this ' view. In the former case the opinion does not disclose that the history of the amendment to § 870 was considered. The latter case followed the former as controlling. But for the reasons I have stated, I think that the ruling in Briggs v. Taylor, 4 Civ. Pro., 328, should be adhered to, if we would give the party to an action the benefit which the legislature by the amendment of 1878 evidently intended that he should have.
It is, of course, not required that in every case where a party *754 to an action shows an intention to leave the state and urges the probability that he may not be present at the trial, that the court should grant his application for the taking of his own deposition de lene esse. It must be shown that he is compelled by circumstances over which he has no control to absent himself from the jurisdiction, and that the application is made in good faith. It is in the discretion of the court to grant or refuse the taking of the deposition. Jenkins v. Putnam, 106 N. Y., 272; 8 N. Y. State Rep., 710. In the present case, as I understand from the affidavit of the' plaintiff, his business is that of a commercial traveler or traveling salesman, and requires him to be out of the state for many months at a time. His employer, a manufacturing corporation, doing business at Cincinnati, Ohio. The plaintiff therefore being an employee, and his time not being his own, it may not be possible for him consistently with his duties to his employer to be present in this state when his cause is called for trial. Under the cir-, cumstances it might involve considerable loss to him if he were not permitted to have his deposition taken to provide against, such an emergency.
James B. Dill, for app’lt; William B. Abbott, for resp’t.
The motion to vacate the order for examination will be denied, but without costs; and as the defendant asks for an opportunity to have the law settled by the general term in view of the difference between the special terms on this question, a stay should be granted until an appeal can be heard ; it being probable, as I understand the position of the case on the calendar, that the trial will not be had before the appeal is determined.
Per Curiam.
Upon careful consideration of the opinions in Preston v. Hencken, 9 Abb. N. C., 68, and in Williams v. Folsom, 3 N. Y. Supp., 681; 5 id., 211; 22 N. Y. State Rep., 507, we are clear that the reasoning of the learned chief judge in the decision appealed from proceeds upon the more solid grounds and conducts, to the more consistent and satisfactory conclusion.
Accordingly, the order • is affirmed on the opinion at special term.
Order affirmed, with costs.
Allen, Bischoff and Pryor, JJ., concur.