THE CAMPBELL PRINTING PRESS AND MANUFAC-
TURING COMPANY, Appellant, *v.* GEORGE DAMON,
ELIAS S. PEETS and OAKLEY FREEMAN, Respondents.

*Chattel mortgage — remedy of a judgment-creditor, establishing its invalidity — where the identity of the mortgaged chattels is lost.*

In this action, brought to obtain an adjudication that a chattel mortgage was invalid and void as against the plaintiff, a creditor of the defendant Freeman, the mortgagor, it appeared that a chattel mortgage had been given by Freeman, in September, 1883, which was never filed, Freeman remaining in possession of the property mortgaged until September, 1886, when his two co-defendants, who are copartners, having become the owners of the mortgage and the debt secured thereby, and Freeman having made default in the mortgage, took possession of the property mentioned therein, which became so mingled with their own as to be incapable of identification.

A judgment having been obtained against Freeman by the plaintiff, this action was brought to have the said mortgage declared void, and to have a receiver of this property appointed and to have it sold and the proceeds applied to the payment of the judgment.

Upon the trial the complaint was dismissed for the reason that the relief asked for could not be granted, the property in question being incapable of identification.

*Held,* that this was error; that the fact that the particular relief asked for could not be granted was not a ground for dismissing the action, where other and different relief, consistent with the case made by the complaint and embraced within the issue, might have been afforded the plaintiff.

That it was the duty of the court to adapt the relief to the contingencies of the case in hand, and that the plaintiff was entitled, upon the facts found, to a judgment against the defendants Damon and Peets to the extent of the value of the property received by them.

That it could not be claimed that the defendants Damon and Peets, being creditors· equally with the plaintiff, were entitled to hold the mortgaged property, as

having been applied to the payment of their claim, as there was no evidence that either Damon or Peets were creditors, or that the property in question had been delivered to them in satisfaction of any debt owing to them, it appearing, on the contrary, that the chattels were taken possession of by them under the mortgage, because of a default on the part of the mortgagor.

APPEAL from a judgment, dismissing the complaint after a trial before the court at the New York Special Term. The action was brought for the purpose of having a mortgage given by the defend-ant Freeman and assigned by the mortgagee to the defendants George Damon and Elias Peets, who were copartners, declared void, and to have a receiver appointed of the mortgaged property to sell the same and apply the proceeds thereof to the payment of the plaintiff's judgment against Freeman and one Ahlstrom; composing a firm which had become indebted to the plaintiff, and against which the plaintiff had recovered a judgment upon its claim.

*Charles De Hart Brower*, for the appellant.

*Van M. Stillwell*, for the respondents

VAN BRUNT, P. J.:

The facts of this case, as they appeared from the admissions contained in the pleadings and the evidence upon the trial, seem to be as follows: The plaintiff is a corporation and two of the defendants are copartners. The other defendant Freeman, in September, 1883, was the owner of certain personal property of the value of about $500, which at that time he mortgaged to one Nadean P. Wheeler. This mortgage was never filed and Freeman remained in possession of the property until on or about September, 1886, when the other defendants, having become the owners of the mortgage and the debt secured thereby, and Freeman having made default upon the mortgage, took possession of the property mentioned in the mortgage, which became so mingled with their own as to be incapable of identification. In April, 1886, the defendant Freeman was a member of the firm of Freeman & Ahlstrom, which firm then became indebted to the plaintiff in the sum of $6,200 for goods sold. Judgment having been obtained against said Freeman & Ahlstrom or said indebtedness and executions issued, the plaintiff filed this bill to have said mortgage declared void and a receiver appointed

of this property, and to have it sold and the proceeds applied upon their judgment. Upon the trial the complaint was dismissed and from the judgment thereupon entered this appeal is taken.

It would appear from the nature of the findings that the learned court dismissed the complaint because the relief asked for could not be granted, the property in question being incapable of identification. In this there seems to have been error. The plaintiff was not restricted to the particular relief asked for in the complaint. It was entitled to such relief as the facts proven warranted, and if it turned out that the particular relief asked for could not be granted, but that other and different relief, consistent with the case made by the complaint and embraced within the issue was proper, the court was bound to grant this relief and not turn the plaintiff out of court. A court of equity adapts its relief to the exigencies of the case in hand. The plaintiff was entitled upon the facts found to a judgment against the defendants Damon and Peets, to the extent of the value of the property received by them (*Murtha* v. *Curley*, 90 N. Y., 372) and this relief should have been granted.

It has been the settled law of this State since the decision of the case of *Thompson* v. *Van Vechten* (27 N, Y., 568), that a mortgage, not filed, of a chattel not delivered is void as to a creditor at large whose claim accrues while the default in filing continues, though such creditor is not in a position to raise the question until he has obtained judgment or process against the property. The mortgage in question was not filed nor was the property delivered until after the plaintiff's claim accrued. Such mortgage was, therefore, void as to it, and after it had obtained its judgment it could enforce its rights. The subsequent delivery of the property and foreclosure of the mortgage could not affect its rights which had attached. The claim that Mrs. Wheeler, the successor of the mortgagee, and her assigns, the defendants Damon and Peets, were creditors equally with the plaintiff, and the suggestion that there is no law that prevented the mortgagor from delivering his property over to any of his creditors, subject to outstanding liens on the property at that time, in satisfaction of the just claim of such creditor may be very good law, but it has no application to the case before the court for the reason that there is no finding by the court that either

Mrs. Wheeler or Damon and Peet were creditors, or that the property in question was delivered in satisfaction of any debt. Upon the contrary, it is found that said chattels were taken possession of because of a default of the mortgagor in the payment of the amount secured by the mortgage, and it is alleged in the complaint and admitted in the answer, because not denied, that the defendants Damon and Peets claim to hold possession of the chattels and to dispose of the same under the rights derived through said mortgage. The defendants have placed themselves upon this mortgage, and if this title fails, they must fail altogether under the pleadings as they now stand. As has been seen, they derived no rights by this mortgage as against the plaintiff because it was void as to it.

The judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Brady and Daniels, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.