WILLIAM J. W. FINLAY, Appellant, *v.* RICHARD B. CHAPMAN,
Respondent.

The granting or withholding of an order of discovery, is a matter within
the discretion of the Supreme Court, and its decision, based upon the
merits of the application, is not reviewable here.

(Argued January 27, 1890; decided February 25, 1890.)

APPEAL from order of the General Term of the Supreme
Court in the third judicial department, made September 9,
1889, which affirmed an order of Special Term denying an
application by plaintiff for the inspection of defendant's private
books of account.

The material facts are stated in the opinion.

*Louis Hasbrouck* for appellant. The plaintiff's right to a
discovery and inspection of the defendant's books and papers
is based on the fact that the plaintiff is a *cestui que trust* seek-
ing to compel his trustee to account for the trust estate. In
such cases the *cestui que trust* has the right to an inspection
of all books of the trustee, which refer to the trust, even though

they be the private books of the trustee. (Perry on Trusts [3d ed.], §§ 821, 822; 2 Lewin on Trusts, 860; Story on Equity, §§ 462, 465; *Manley* v. *Brownley*, 11 Abb. [N. C.] 123; *Duff* v. *Hutchinson*, 19 Wkly. Dig. 20; *Martine* v. *Albro*, 26 Hun, 559; *Zimmerman* v. *Dieckerhoff*, 12 N. Y. S. R. 613; *Ahlymeyer* v. *Healy*, Id. 677; *Lefferts* v. *Brampton*, 24 How. Pr. 257.) It may be said that the production and discovery of these books cannot be compelled, because they would tend to convict the defendant Chapman of a crime, and are, therefore, privileged. But this objection is not sound. (*Duff* v. *Hutchinson*, 19 Wkly. Dig. 20.)

*John M. Kellogg* for respondent. The Court of Appeals will not review an order of the General Term resting in discretion. (Code Civ. Pro. § 190, subd. 2; *Cunard* v. *Francklyn*, 111 N. Y. 511; *Clyde* v. *Rogers*, 87 id. 623; *Stillwell* v. *Priest*, 85 id. 649; *Livermore* v. *Bainbridge*, 56 id. 72; *Glenney* v. *Stedwell*, 64 id. 120; *Howell* v. *Mills*, 53 id. 322; *Mills* v. *Davis*, Id. 349; *Jenkins* v. *Putnam*, 106 id. 272, 276; Code Civ. Pro. §§ 803, 804, 805, 807, 873.) The books must be shown to contain material evidence. (*Brownell* v. *Nat. Bank*, 20 Hun, 517; *Davis* v. *Dunham*, 13 How. Pr. 425; *Muller* v. *Levy*, 62 Hun, 123; *Churchman* v. *Merritt*, 51 id. 375; *G. C. M. Co.* v. *Sutro*, 24 N. Y. S. R. 1005; *Walker* v. *G. Bank*, 45 Barb. 39; *Mott* v. *C. I. Co.*, 52 How. Pr. 148; *Stichter* v. *Tillinghast*, 43 Hun, 95; *W. C. S. Bank* v. *Breckett*, 31 Hun, 435; *Crook* v. *Corbin*, 23 id. 176; *Beach* v. *Mayor*, etc., 14 id. 79; *Merguelle* v. *C. Bank*, 7 Robt. 77; *Cassord* v. *Hinman*, 6 Duer, 695; *B. Ins. Co.* v. *Pierce*, 7 Hun, 236; *N. E. I. Co.* v. *N. Y. L. & T. Co.*, 55 How. Pr. 351; *Chapin* v. *Thompson*, 16 Hun, 329; *McAllister* v. *Pond*, 15 How. Pr. 299; Code Civ. Pro. § 803.) The executor paid to the estate full legal interest upon all advances taken by him, and the principal has been fully repaid. Plaintiff can gain no benefit from the use of such moneys in any event, unless he shows affirmatively that greater profits than legal interest were received. (*Muller* v. *Levy*, 52 Hun, 123.) R. B. Chapman, the debts of

the estate being paid, had the right under the will to take payments or advancements on his share of the estate. He owned one-half of the estate, was the party to make the divisions and had the power to make them from time to time, and he used only his own money. (*Palmer* v. *Kingsford*, 112 N. Y. 337, 352, 353, 354; *Morris* v. *Kent*, 2 Ed. Ch. 175; Redfield on Surrogates [2d. ed.], 434; *Livingstone* v. *Newkirk*, 3 Johns. Ch. 312; 2 Redfield on Wills, 116, 120, 121; *Clark* v. *Tufts*, 5 Pick. 337; *Wheelwright* v. *Wheelwright*, 2 Red. Sr. Pr. 500; *Spruill* v. *Cannon*, 2 Dev. & B. Eq. Cas. 400; 4 Paige, 110.) The general guardian of the infants assented to and was a party to the advances or so-called loans. The act was not unlawful, as no better security could be obtained, and it was beneficial to the estate. The guardian had power, under the circumstances, to assent and agree to the acts, and the settlements, with him and between him and his wards are binding, especially after the elapse of about twenty years since the settlements. (*Mill* v. *Hoffman*, 92 N. Y. 182; *Story* v. *Dayton*, 22 Hun, 450; *In re Hynes*, 105 N. Y. 560; *Butterfield* v. *Cowing*, 112 id. 486; *Wuestoff* v. *G. L. Ins. Co.*, 107 id. 580; *Chapman* v. *Tibbitts*, 33 id. 289; *Orab* v. *Young*, 92 id. 66; *In re Niles*, 113 id. 547, 556, 558.) The settlements and decrees before the surrogate are a final determination and conclusive evidence that the defendant has been charged with all the interest he should be charged with, and while they stand are a bar to questioning the matters settled by them. (Code Civ. Pro. § 2742; 2 R. S. 94, § 65; *Stiles* v. *Burch*, 5 Paige Ch. 132; *Denton* v. *Sanford*, 103 N. Y. 607; *Brown* v. *Brown*, 52 Barb. 217; *In re Hawley*, 100 N. Y. 206; *In re Tilden*, 98 id. 435; *Hilland* v. *Baxter*, 98 id. 614; *In re Hood*, 90 id. 514; *Ellsworth* v. *Hinton*, 47 Hun, 625; Dayton's Sur. Prac. 543, 544; Pomeroy's Eq. Jur. § 820.) All of the said alleged loans or advances took place more than ten years prior to the commencement of this action, except two items, and the use which was made of those items was proved by the plaintiff, by the witness Frank Chapman, and the evidence shows no profits derived from them. The Statute of

Limitations is pleaded in the answer. (*Hubbell* v. *Medbury*, 53 N. Y. 100; *Price* v. *Mulford*, 107 id. 305; *Lammier* v. *Stoddard*, 103 id. 672; *Carr* v. *Thompson*, 87 id. 160; *Harrington* v. *E. C. S. Bank*, 101 id. 257; Angell on Lim. §§ 25, 187; Pomeroy's Eq. Jur. § 820; *In re Niles*, 113 N. Y. 549, 556–558; 1 Story's Eq. Juris. § 64; 2 id., § 1520; Kerr on Fraud & Mistake, 303–312; Lewin on Trusts, 495, § 12; · 95 U. S. 160; 15 Fed. Rep. 753; *Baker* v. *Read*, 18 Beav. 398; *In re Lord*, 78 N. Y. 109.) The books are privileged and the court should not compel an inspection of them. The plaintiff seeks a forfeiture of defendant's property and office. (Code Civ. Pro. § 837; *Andrews* v. *Prince*, 31 Hun, 33; *Y. T. Co.* v. *Brown*, 27 id. 248; *Anable* v. *Anable*, 24 How. Pr. 92; *Opdyke* v. *Marble*, 44 Barb. 64; *Byass* v. *Sullivan*, 21 How. Pr. 50.) Courts will regard trustees leniently when it appears they have acted in good faith, and if no improper motive can be attributed to them the courts have even excused an apparent breach of trust unless the negligence is very great. (*Crabb* v. *Young*, 92 N. Y. 66.)

O'BRIEN, J. This action is brought by the plaintiff as assignee of a residuary legatee and devisee of Augustus Chapman, deceased, against the defendant Richard B. Chapman, as the sole surviving executor and trustee under the will, to set aside certain conveyances of real property belonging to the estate, alleged in the complaint to have been fraudulent, and for an accounting of the profits and use of the estate moneys, and for other purposes, the action being very broad in its general scope and purpose.

After issue joined, the case was referred and partially tried. During the trial the defendant became seriously ill, and it is alleged and seems to be conceded by both parties that there is no hope of examining him further as a witness. But the general account-books and bank pass-book in which the defendant kept the accounts relating to the estate of which he was the executor seems to have been produced upon the trial, and an examination of their contents made on the part of the plaintiff.

After the illness of the defendant, the plaintiff made an application at Special Term to compel the defendant to produce and discover to the plaintiff certain of his individual and private books of account, demanding that the court order them to be delivered to a referee with the right to the plaintiff to inspect the same and take copies thereof. On the part of the defendant, affidavits were read at the Special Term whereby it was attempted to show that the discovery was unreasonable or unnecessary. After hearing the parties the Special Term denied the application and, the order having been affirmed by the General Term, the plaintiff appeals to this court.

Whether the application ought to have been granted rested in the sound discretion of the court at Special Term. The General Term had power to review the exercise of that discretion, and to reverse the order if it was of the opinion that the merits of the motion were of such a character as to require the granting of the application.

We think that the controversy must end with the decision of the General Term. The granting or withholding of the order for discovery was a matter of practice, subject to the discretion of the Supreme Court, and this court has no power to review such an order. (Code, § 190; *Clyde* v. *Rogers*, 87 N. Y. 625; *Stilwell* v. *Priest*, 85 id. 649; *Jenkins* v. *Putnam*, 106 id. 272–276; *Glenney* v. *Stedwell*, 64 id. 120–128.)

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.