CHARLES S. CLARK, Respondent, v. THE EXCHANGE PRINTING COMPANY et al., Appellants.

*Fraudulent conspiracy — damages — admissions by individual defendants — unsatisfied judgments as evidence of insolvency.*

What evidence justifies a jury in finding a verdict for the plaintiff in an action brought to recover damages alleged to have been sustained by reason of the defendant's fraudulent conspiracy.

The existence of unsatisfied judgments against a corporation (not a party to the action) is proper evidence upon the question of its insolvency.   (Per PRATT, J.)

In an action brought against several defendants, where the complaint alleged the plaintiff's damage to have arisen from the fraudulent conspiracy of the defendants, evidence of admissions made by individual defendants is proper, when the jury is charged that the statements of each defendant are evidence only against the party making them.   (Per PRATT, J.)

APPEAL by the defendants, The Exchange Printing Company and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 22d day of July, 1892, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also an appeal by the defendant Alva E. Davis from an order entered in the said clerk's office on the 15th day of July, 1892, denying the defendants' motion for a new trial.

The complaint in this action alleged " that, by reason of the premises and the said fraudulent conspiracy and schemes of the said defendants, the plaintiff has sustained damages to the amount of $4,000, for which sum, with interest and costs, he demands judgment against the defendants."

Upon the trial, under the defendants' objection, certain unsatisfied judgments against the defendant the American Magazine Company were offered and received in evidence.

*Charles De Hart Brower,* for the appellants.

*Frederic A. Ward,* for the respondent.

BARNARD, P. J.:

The plaintiff is a dealer in paper. The defendant printing company printed and published the *American Magazine* for the American Magazine Company. The defendant Davis was the manager of the American Magazine Company. The defendant Fitch was the manager of the Exchange Printing Company, and made orders for paper with the assent of the magazine publishing company, which became insolvent, with a large debt due to the defendant printing company. The plaintiff's case is based upon the allegations that after the insolvency of the magazine publishing company the Exchange Printing Company and Fitch, its manager, and Davis, manager of the bankrupt magazine publishing company, continued to order and obtain of the plaintiff a large amount of paper, so that the defendant printing company could levy upon it on account of the indebtedness to it from the magazine publishing company. The jury has found that the defendants did this, and, therefore, returned a verdict for the amount of the property acquired in this way and for this purpose. It was proven that defendant Davis knew of the insolvency of the magazine company when he ordered the paper in question. Fitch knew it. The Exchange Company profited by it. The testimony is sufficient to support the verdict of the jury. The bankrupt magazine company sold to the printing company's clerks paper obtained for the magazine, and then ordered new paper, which the printing company caused to be seized under execution in its favor.

The proceedings to obtain judgment by the printing company were conducted by an attorney common to all the parties and companies. Marks of secrecy and design to defraud the plaintiff are visible everywhere.

The jury arrived at a proper conclusion upon the facts, and, therefore, the judgment and order denying a new trial should be affirmed, with costs.

DYKMAN, J., concurred.

PRATT, J.:

The charge of the court was as favorable to defendants as the law warranted, and we do not find any errors in the admission of evidence.

The verdict of the jury is sustained by the evidence, and there is no ground on which the court should interfere.

The appellants object that the judgment records introduced, not being against these defendants, were improperly admitted. The Circuit judge pointed out the grounds on which they were admissible, viz., to show the insolvency of the judgment debtor.

If the existence of judgments unsatisfied do not tend to prove insolvency, it is not easy to see how it can be proven.

It is argued that some of the admissions made by individual defendants should have been stricken out.

We think the rule of law was satisfied when the jury were charged that the statements of each defendant were evidence only against the party making them.

The judgment should be affirmed, with costs.

Judgment and order denying new trial affirmed, with costs.