ANNA G. PILCHER, Appellant, *v.* BERNARD LEVINO and Another, Respondents, Impleaded, etc.

*Fraudulent purchase of property — liability of the co-conspirators of the purchaser — excessive price — sale in fraud of parties furnishing materials and labor for a building.*

The purchase of property with a preconceived intention not to pay therefor constitutes fraud; and where such a purchase is made by one person, and others are parties to his intention, and aid him in carrying the scheme through, they are liable equally with him.

There is no fraud in selling property for an excessive price, even though the effect of the purchaser's incurring the obligation on the purchase is such as to prevent him from paying his creditors.

It is a fraud, for which an action will lie, for a person to induce a sale of real estate to him as part of a fraudulent scheme, to which the vendors and vendee are parties, to defraud those who may become the creditors of the vendee, by furnishing material or labor on the buildings to be erected on such real estate, of which the co-conspirators of the purchaser of such material and labor are to reap the benefit.

It is a fraud for a creditor to conspire with his debtor that the latter shall purchase goods on credit from other persons in order that the creditor may seize such goods on execution to satisfy his own claim, even though such claim be entirely valid.

APPEAL by the plaintiff, Anna C. Pilcher, from an interlocutory judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 14th day of March, 1894, upon the decision of the court rendered at the Kings County Special Term, sustaining the defendants' demurrer to the amended complaint.

*William G. Cooke*, for the appellant.

*Chas. H. Otis*, for the respondents.

CULLEN, J.:

This is an appeal from an interlocutory judgment sustaining a demurrer to the complaint.

While the complaint is inartificially drawn and justly subject to the criticism of the learned judge below, as presenting a confused statement of facts, we think it sets out a single good cause of action for deceit and fraud. Stripped of unnecessary allegations and

verbiage, it states that the three defendants, for the purpose of enabling the defendants' Levino and Bailey to obtain an excessive price for certain real property, and designing to cheat and defraud the plaintiff's assignors and such other persons as should furnish labor or material for the buildings to be erected on the property, for which labor and materials the defendants did not intend to pay, agreed that Levino and Bailey should convey the property to the defendant Bedell; that Bedell should erect buildings thereon, the defendants Levino and Bailey taking mortgages back for the purchase money and their advances; that defendant Bedell was wholly irresponsible, and that thus the other defendants would obtain through their mortgages the value of the mortgaged premises enhanced by the improvements thereon; that in pursuance of such agreement the defendant Levino falsely and fraudulently represented to plaintiff's assignors that the defendant Bedell was financially responsible; that, relying on such statement, said assignors furnished on credit to Bedell the stone for the buildings erected on the premises, amounting in value to $5,100; that Bedell failed to pay such claim, and that the property was sold to satisfy the mortgages held by the defendants Levino and Bailey. In this statement are two allegations sufficient to maintain an action for deceit. The false statement of Levino as to the financial responsibility of the defendant Bedell would certainly uphold the action as against him, and the allegation that it was made in pursuance of an agreement between all the defendants to cheat and defraud plaintiff's assignors would uphold the action as against the others. (*Moorehouse* v. *Yeager*, 71 N. Y. 594.) But the real gravamen of the complaint lies in the other allegation. The purchase of property with the preconceived intent not to pay therefor is fraud. (*Nichols* v. *Michael*, 23 N. Y. 26; *Hennequin* v. *Taylor*, 24 id. 139.)

Even if it be claimed that the purchase was made by the defendant Bedell alone, still, if the other defendants were parties to his intention, and aided him in carrying through the scheme of fraud as alleged in the complaint, they are equally liable. It is urged that there is no fraud in selling property for an excessive price, even though the effect of a purchaser incurring the obligation on the purchase is such as to prevent him paying his creditors. This is unquestionably true. But such is not the gist of the complaint. It

is not that a sale was made to Bedell for an excessive price, but that it was so made as a part of a scheme [to which all the defendants have been alleged to have been parties], that Bedell should defraud those who might become creditors by furnishing material or labor on the buildings, and the other defendants reap the benefit of the fraud. That for such a fraud an action will lie is settled by authority. (*Moore* v. *Tracy*, 7 Wend. 229 ; *Place* v. *Minster*, 65 N. Y. 89.) So, also, it is a fraud for a creditor to conspire with his debtor that the latter shall purchase goods on credit from other persons in order that the creditor may seize them on execution to satisfy his own claim, even though such claim be entirely valid. (*Clark* v. *Exchange Printing Co.*, 74 Hun, 71.)

The judgment appealed from should be reversed, and judgment rendered for plaintiff on demurrer with costs, with leave to defendants to answer on payment of costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment reversed, and judgment rendered for plaintiff on demurrer, with costs, with leave to defendants to answer in twenty days on payment of costs.