RICHARD C. SIBLEY, Appellant, v. THE NEW YORK TIMES PUBLISH-
ING COMPANY, Respondent.

*Discovery and inspection of papers — when it should be granted.*

One Sibley signed a contract by which he agreed to subscribe and pay $50,000
for 500 shares of a corporation about to be organized. Thereafter he paid
$15,000 on account of his subscription, and signed a contract by which he
agreed to pay the balance to three of the promoters of the corporation, or to
their assigns, four months after date, with interest. Sibley refused to pay the
balance, and the corporation, which had been organized in the meantime,
brought an action to recover the $35,000, alleging that it was the assignee of
the promoters.

Prior to the commencement of such action an action was begun by Sibley against
such corporation by the service of a summons without a complaint. There-
after, he verified a petition in such latter action, in which he stated that the
action was brought by him to rescind the subscription contract, on the ground
that it was obtained by fraud and deceit, and on the further ground that the
corporation and its promoters had failed to perform the contract under and by
which the subscription was obtained. It was stated in the petition that it was
necessary that the plaintiff be permitted to inspect the original subscription
contract, the contract for the payment of $35,000, and the assignments of such
two contracts, to enable him to prepare and serve his complaint in such action,
and that repeated demands to be permitted to inspect those documents had
been refused.

The defendant denied that the plaintiff was defrauded or deceived, and denied
that it or its promoters had failed to perform the contract under which the
subscription was made.

*Held,* that the denial of a motion for an order requiring the defendant to permit the
plaintiff to inspect such documents was erroneous;

That the plaintiff was a party to the papers and had a right to know whether the
agreement set up in the action in which he was the defendant was an exact
copy of the original, and he had a right to inspect the two documents and the
assignments of them to the defendants, if they had been assigned in writing;

That in case it was shown that such papers were not in the possession of the
defendant, nor within the control of the defendant, nor of its officers nor
employees, it could apply to be relieved from the terms of the order requiring
it to file the same for inspection, and that it could then be determined whether a
reference should be ordered to ascertain the whereabouts of the same.

APPEAL by the plaintiff, Richard C. Sibley, from an order of the
Supreme Court, made at the New York Special Term and entered
in the office of the clerk of county of New York on the 18th day

of September, 1894, denying the plaintiff's application to be allowed to make an inspection of certain papers and vacating an order of the Supreme Court, made at the New York Special Term and entered in said clerk's office on the 5th day of September, 1894, directing the discovery and inspection of such papers.

*Frederick R. Kellogg,* for the appellant.

*B. F. Einstein,* for the respondent.

Per Curiam:

On March 29, 1893, the defendant was incorporated under the laws of this State with an authorized capital of $1,250,000, divided into 12,500 shares of $100 each. Before March 29, 1893, several persons, who may be called promoters, interested themselves in obtaining subscriptions for shares in the corporation to be thereafter organized for the purpose of purchasing and conducting the New York *Times.* The plaintiff signed a contract by which he agreed to subscribe and pay $50,000 for 500 shares. At some time, the date not appearing, the plaintiff paid $15,000 on his subscription, and on April 7, 1893, signed a contract by which he agreed to pay $35,000 to three of the promoters, or to their assigns, four months after date, with interest from April 1, 1893. The plaintiff refused to perform this contract, and in August, 1894, the New York Times Publishing Company brought an action in this court against Sibley to recover the $35,000, alleging that it was the assignee of the contract. On July 17, 1894, this action was begun by the service of a summons without a complaint. On August 31, 1894, the plaintiff verified a petition in which it was stated that the action was brought to rescind the subscription contract, on the ground that it was obtained by fraud and deceit, and on the further ground that the corporation and its promoters had failed to perform the contract under and by which the subscription was obtained. It is further stated in the petition that it is necessary that the plaintiff be permitted to inspect the original subscription contract, the contract for the payment of $35,000, and the assignments of said two contracts, to enable him to prepare and serve his complaint in this action; and that repeated demands to be permitted to inspect these documents had been refused. Upon this petition a motion was made

for an order requiring the defendant to permit the plaintiff to inspect those documents. The defendant by its officers denied that the plaintiff was defrauded or deceived, and denied that it or its promoters had failed to perform the contract under which the subscription was made.

We are unable to see any reason for refusing the plaintiff permission to see the original contract for the payment of $35,000, or the original subscription agreement and the assignments of those two contracts, if any there are. The plaintiff is a party to these papers, and one of them at least is in the possession of the defendant. He has a right to know whether the agreement set up in the action in which he is a defendant is an exact copy of the original, and no harm can be done to the rights of this defendant in permitting such an inspection. Nor are we able to see why the plaintiff in this action should not have the right to inspect the original subscription agreement. The only reason given by the defendant for refusing this right is, that on certain dates named the contract was not in its possession. It is not stated in the defendant's affidavits that this contract was not within the control of the defendant or of its officers or agents.

We think that the right of the plaintiff to have an inspection of these two documents and of the assignments of them to the defendant, if assignments in writing have been made, is clear. In case it shall turn out that the first subscription contract is not in the possession or within the control of the defendant or of its officers or employees, it can apply to be relieved from the part of the order requiring it to file that contract for inspection, and then it can be determined whether a reference shall be ordered to ascertain its whereabouts.

The order appealed from should be reversed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., and FOLLETT, J.