GEORGE ALDEN, as Receiver, etc., of JOHN LA GRANGE, Respondent, v. EDWARD K. CLARK, Appellant, Impleaded with JOHN LA GRANGE.

*Amendment of pleadings to conform them to the facts proven — Code of Civil Procedure, § 723 — chattel mortgage, void as to creditors.*

Under the provisions of section 723 of the Code of Civil Procedure, power is given the court to conform the pleadings to the proof only in a case "where the amendment does not change substantially the claim or defense."

Upon the trial of an action brought by a receiver in supplementary proceedings to set aside a chattel mortgage given by a judgment debtor November 30, 1889, and filed January 30, 1891, the defendant (the chattel mortgagee) alleged that he took possession of the property covered by the mortgage on January 20, 1891, and continued in the possession thereof. The chattel mortgage was given to secure indorsements, and one item of the property covered thereby was "interest in Diebold safe." It appeared that the judgment debtor purchased the safe for $255, payable in six months, under an agreement that the title should be in the vendor until the price was paid. It was alleged in the complaint, and not denied in the answer, that prior to December 31, 1890, all of the price had been paid except the sum of $102, and that on or about that date, and prior to the time the chattel mortgagee alleged he took possession of the property of the judgment debtor, the balance due on the safe was paid in full by the judgment debtor. Also that the plaintiff, before the commencement of the suit, called on the mortgagee with reference to the mortgage; that the mortgagee then insisted that the mortgage was valid, and said that he claimed the property and would have nothing to do with the plaintiff.

On the trial the plaintiff proved that after the commencement of the action the mortgagee sold and delivered the safe for $197.50.

The defendant, over the plaintiff's objection that it was not admissible under the pleadings, gave evidence tending to show that he purchased of the vendor of the safe the contract for the sale thereof to the debtor, paying either $102 or $127 for the same, and that thereafter, January 20, 1891, he took possession thereof.

A motion of the mortgagee, made at the close of the case, to conform the pleadings to the proof, was denied by the trial judge on the ground that he had not the power to grant the same.

*Held,* that at the commencement of the trial the defense set up in the answer was insufficient;

That the amendment sought, if it amounted to anything, would substantially change the defense set up in the answer, and so would not be admissible;

That if, on the other hand, the amendment was not material, the defendant was not prejudiced by the denial of such motion;

That the most that the mortgagee would be entitled to under the evidence would be to be subrogated to the right of the vendor of the safe as it existed when the mortgagee paid for the safe, which was a right to receive the balance of the purchase price of the safe.

A receiver of the property of a judgment debtor, appointed in proceedings supplementary to execution issued upon a judgment against such debtor, is in a position to attack a chattel mortgage given by the judgment debtor to a third person.

APPEAL by the defendant, Edward K. Clark, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 23d day of May, 1894, upon the decision of the court rendered after a trial at the Broome Special Term declaring void and setting aside a chattel mortgage.

*Edward K. Clark,* for the appellant.

*Leroy Bennett,* for the respondent.

MERWIN, J.:

This action is in the nature of a creditor's bill, brought by the plaintiff as receiver appointed in proceedings supplementary to execution upon a judgment in favor of Halsey W. Noyes against the defendant John La Grange, recovered January 12, 1891. The object of the action is to set aside, as fraudulent and void as to plaintiff and the debt and judgment he represents, a chattel mortgage given by La Grange to Clark November 30, 1889, but not filed until January 30, 1891, and no possession taken until January 20, 1891. The relief asked in the complaint is that the mortgage be set aside, and the property covered by it be subjected to the payment of the claims of the judgment debtor and the costs and expenses incurred, and for such further judgment or relief as may be equitable. The defendant Clark answered, but on demurrer it was held on appeal to the General Term that his first and second defenses were insufficient in law upon the face thereof. That left of the answer only an allegation under the head of a third defense that the defendant, on the 20th of January, 1891, took possession of the property covered by the mortgage and has since continued in possession. Upon this allegation or so-called defense no particular point was made at the trial or any request by defendant to find in regard to it.

The chattel mortgage was given to Clark to secure indorsements, and one item of the property covered was "interest in Diebold safe." It appeared that in March, 1888, La Grange purchased this safe of one Butler for the price of $255, payable in six months, under an agreement that the title should be in Butler until the price was paid. It was alleged in the complaint and not denied in the answer that previous to December 31, 1890, all of the price had been paid except the sum of $102, and that on or about the 31st of December, 1890, La Grange paid or caused to be paid the sum of $102 in full of the price. It was also alleged in the complaint and not denied in the answer that the plaintiff before the commencement of the suit called on Clark with reference to the mortgage and that Clark then insisted that the mortgage was valid and said he claimed the property and had nothing to do with the plaintiff. On the trial the plaintiff proved that after the commencement of this action Clark sold and delivered the safe to one Freeman for the sum of $197.50. Mr. Clark then, over the objection of plaintiff that it was not admissible under the pleadings, gave evidence tending to show that on the 31st of December, 1890, he purchased of Butler the contract for the safe, paying him therefor either the sum of $102 or $127, and thereafter, on the 20th of January, 1891, he took possession of it. At the close of the evidence, the defendant Clark asked the court to conform the pleadings to the proof and this the court declined to do, on the ground that it had not the power to do so. It is claimed that this was reversible error.

By section 723 of the Code of Civil Procedure power is only given to conform the pleadings to the proof in a case "where the amendment does not change substantially the claim or defense." Apparently under the evidence given Clark claimed that he had through his purchase from Butler an absolute title to the safe. As his answer stood, it was insufficient as a defense. The amendment sought, if it amounted to anything, would substantially change the defense set up in the pleading and so would not be admissible. If the amendment was not material, then the defendant has not been hurt. The defendant on the decision of the demurrer had been given leave to amend, but had not availed himself of the privilege. We are not persuaded that the court erred in its ruling.

Besides, if all the evidence given be considered, the decision is

substantially correct. The most that Clark would be entitled to under the evidence would be to be subrogated to the right of Butler as such right existed when Clark paid him. That right was to receive the balance of the price. In the decision Clark is allowed the amount he paid Butler and the expenses of removing the safe. For the balance of what he received upon the sale by him a personal judgment is awarded against him. This he cannot complain of. (*Murtha* v. *Curley*, 90 N. Y. 376 ; *Campbell Printing Press Co.* v. *Damon*, 48 Hun, 509.) He refused before suit to recognize the rights of plaintiff, and after suit he sold the property and he only accounts for what he received. He claimed an item for office rent, but the court properly refused to allow it. The court correctly held that the safe was not shown to be exempt. There is no doubt that the plaintiff was in a position to attack the mortgage (*Mandeville* v. *Avery*, 124 N. Y. 385 ; *Stephens* v. *Perrine*, 143 id. 476), and that as to him and the debt and judgment he represented it was void (*Karst* v. *Gane*, 136 N. Y. 316 ; *Thompson* v. *Van Vechten*, 27 id. 568) so far as the safe was concerned. No other item in the mortgage was in dispute.

We find no good reason for reversing the judgment, and it, therefore, should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.