# DECISIONS IN CASES NOT REPORTED.

## FOURTH DEPARTMENT, DECEMBER TERM, 1895.

Elizabeth O'Gorman, Appellant, v. James R. O'Gorman, Respondent.— Order affirmed, with ten dollars costs and disbursements.— Appeal from an order of the Oswego Special Term, which required the plaintiff to deliver to the defendant sworn copies of her bank pass books, verified, described in the petition, within five days after the service of a copy of the order, or at her option give the defendant a written authorization directed to the Oswego City Savings Bank and the Oswego County Savings Bank, authorizing the officers of the said banks to permit the defendant and his attorney to inspect and make a copy of the bank pass books of the plaintiff, now in the possession of the banks.—

HARDIN, P. J.: There was some conflict in the affidavits used at the Special Term, and the judge presiding has resolved the conflict in favor of the petitioner. It appears that the plaintiff had an account in the respective banks mentioned in the petition, and that the pass books used in connection with the account have been returned to the savings banks, and that the banks have a custom of retaining pass books after closing accounts with a customer, and are disinclined to allow inspection of such pass books without the consent of the party in whose favor they were made while the account was current. The bank officers' affidavits furnish no good reason why the pass books should not be inspected. It is apparent from the affidavit of the plaintiff that she has no serious or important objection to the inspection of the pass books, or to a copy being delivered thereof. The Special Term was called upon under all the proofs before it, to exercise its discretion in respect to whether an inspection should be ordered. We are not prepared to say that the Special Term exceeded its discretion in the premises. (*Sibley* v. *New York Times Pub Co*, 80 Hun. 561; *Finlay* v. *Chapman*, 119 N. Y. 404.) We think the order should be affirmed with ten dollars costs. Order affirmed, with ten dollars costs and disbursements. Martin and Merwin, JJ., concurred.

William Seward Webb, Respondent, v. William H. Morrison and Another, Appellants.— Judgment affirmed, with costs.— Appeal from a judgment entered in Herkimer county on the 13th day of August, 1894, upon findings of fact and conclusions of law made at Special Term. The action was brought to reform and then enforce specific performance of a contract for the purchase of lands known as lots 6 and 7 of township 38, Totton & Crossfield's purchase, in the town of Long Lake, Hamilton county.— PER CURIAM: From the appeal book it would seem that the defendants sought to prepare a bill of exceptions upon which to obtain a review of the decision made at Special Term. However, it appears that considerable portions of the evidence given at the trial are inserted in the appeal book. Findings of fact were made, which are very full and elaborate, and upon looking into the evidence found in the appeal book, it is quite apparent that the evidence, though conflicting, fully sustains the findings of fact made by the trial judge. He delivered an opinion which extensively considers all the essential questions of law which arose during the progress of the trial, and which form the basis for the conclusion which he reached. and the opinion is satisfactory upon the essential questions of law involved in the case, and renders it unnecessary that a further discussion should be had of the facts or of the law involved in the case. (*Southard* v. *Curley*, 134 N. Y. 148; *Allison Brothers Co.*, v. *Allison*, 63 N. Y. St. Repr. 1.) Present —Hardin, P. J., Martin and Merwin, JJ.

Arthur McKeown, Respondent, v. The Utica City National Bank, Appellant, Impleaded with Others.—Order affirmed, with ten dollars costs and disbursements. Hardin, P. J., not sitting.

Peter A. Ward, as Receiver of the Property and Effects of Norman Petrie, Respondent, v. Norman Petrie and Flora Petrie, Appellants.— Judgment and order affirmed, with costs.

HARDIN, P. J.: The jury were instructed that. unless fraudulent intent was found to exist on the part of both defendants the mortgage should be found to be valid. The evidence is sufficient to sustain the finding that the mortgage was fraudulent as to both mortgagor and mortgagee, and made to hinder and delay the collection of the debt represented by the plaintiff, as receiver. (*Billings* v. *Russell*, 101 N. Y. 227; *Baldwin* v. *Short*, 125 id. 553; *Syracuse Chilled Plow Co.* v. *Wing*, 85 id. 421.) We think the plaintiff, as receiver, was in position to attack the mortgage. (Code Civ. Proc. § 2469; *Alden* v. *Clark*, 86 Hun, 357; *Stephens* v. *Perrine*, 143 N. Y. 482.) The action was to recover damages sustained by fraud. (*Buffalo Lub. Oil Co.* v. *Everest*, 30 Hun, 586; *Quinby* v. *Strauss*, 90 N. Y. 664; *Murtha* v. *Curley*, Id. 372; *Pilcher* v. *Levino*, 80 Hun, 399; *Mandeville* v. *Avery*, 124 N. Y. 377; *Otis* v. *Crouch*, 89 Hun, 551.) We think none of the exceptions taken upon the trial present an error requiring. us to interfere with the verdict. Judgment and order affirmed, with costs. Martin and Merwin, JJ., concurred.