MILLER v. BROOKS et al., (two cases.)

(*Supreme Court, General Term, Fifth Department.* October 21, 1892.)

LIBEL—PRACTICE—EXAMINATION OF WITNESS BEFORE TRIAL.

In an action for libel defendant cannot procure an examination of plaintiff before trial, for the purpose of preparing a plea in justification, as such plea can only employ facts known and believed at the time of the alleged libel.

Appeal from special term, Monroe county.

Actions by Max. Miller against Harry S. Brooks and others for libel. From an order of the special term vacating an order made at chambers, directing plaintiff to be examined and his deposition taken before trial, pursuant to section 873 of the Code of Civil Procedure, defendants appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Frederick Collin*, for appellants. *Jacob Spahn*, (*Ivan Powers*, of counsel,) for respondent.

PER CURIAM. The action is libel. The defense, as foreshadowed in the affidavits, will probably consist of a justification of the charges, and mitigation of damages. As was stated by the learned judge at special term: "It can rarely happen that a necessity can arise for the defendant to examine the plaintiff to enable him to ascertain whether he has a good defense to an action. This is especially so in an action for libel, because a libelous article should be published, if at all, only after careful inquiry has shown it to be true." The moving affidavit shows that the primary object of the order is to enable the defendants to prepare their pleadings, and that the evidence so obtained may be of benefit and assistance to them in preparing for the trial of the action. The accusation made against the plaintiff in the libelous article complained of is that the plaintiff, with the other parties referred to, had committed a crime, namely, the crime of grand larceny; and, if the article as set forth in the complaint is the one actually published, the fact that such a crime was unequivocally charged admits of no doubt. We think that this case is governed by the decision of this court in *Strakosch* v. *Press Pub. Co.*, 6 N. Y. Supp. 246, and *Kinney* v. *Roberts*, 26 Hun, 169. Order appealed from affirmed, with $10 costs and disbursements of one action.