LEONORA S. GRAY, Respondent, v. WILLIAM T. BAKER and Another, Appellants.

*Libel — examination of the plaintiff before answer.*

An order obtained by the defendant for the examination of the plaintiff, before answer, in an action brought to recover damages for libel will not be upheld where the libelous publication was based upon allegations of fact which ought to have been known to the defendant before the publication was made, and the examination is sought in order that the defendant may determine therefrom whether he will be able to answer that the libel published was true.

APPEAL by the defendants, William T. Baker and Thomas F. Baker, from an order of the Supreme Court made at Kings County Special Term and entered in the office of the clerk of Kings county on the 10th day of December, 1892, vacating an order granted by a justice of the Supreme Court on the 11th day of November, 1892, for the examination of the plaintiff before trial.

The action was brought to recover damages for the publication, by the defendants in a newspaper of which they were the proprietors, of a libelous article concerning the plaintiff.

The affidavit made by the defendants, on which the order for the examination, pursuant to section 873 of the Code of Civil Procedure, was granted, after detailing the prior steps in the action and setting forth the alleged libelous article, was as follows:

" That the defendants are advised by their counsel that if the

matters set forth in said alleged libel are true, the fact that they are true would constitute a good defense to the plaintiff's complaint, and that if said matters are true, the defendants desire to plead the same as the defense herein.

" That none of the facts or allegations contained in said alleged libelous matter are within the defendants' knowledge, and the fact as to whether said allegations or either of them are true or not cannot be obtained by the defendants except upon an examination of the plaintiff herein.

" That said alleged libelous matter is claimed by the plaintiff or her attorney to have been published in Fulton county, N. Y., and all the alleged facts therein contained are so claimed to have taken place in said Fulton county, N. Y.

" That the defendants reside at the city of Utica, N. Y., have no personal acquaintance with the plaintiff, and have no knowledge whatever of the alleged facts or the truth or falsity of the alleged facts contained in said alleged libelous matter, and the defendants have endeavored by diligent inquiry from persons living in said Fulton county to ascertain the truth or falsity of the same, and have been unable to ascertain whether the same are true or false.

" That the defendants have not prepared or made their answer and are unable so to do without first examining the plaintiff to ascertain whether or not the alleged facts set forth in said alleged libelous matter are true.

" That the name of the plaintiff in this action is Leonora S. Gray, whose residence, as deponents are informed and believe, is somewhere in the city of Brooklyn, N. Y.; that the plaintiff has appeared by her attorney, David J. Newland, Esq., whose office address is 121 Nassau street, New York city; that the nature of the defense that the defendants desired to interpose is a general denial and the truth of the alleged libelous matter if they shall be able to interpose such defense.

" That the testimony of the plaintiff is material and necessary for the defendants herein to prepare their answer herein before trial, and the defendants cannot prepare their answer herein and set forth the defense above stated without first examining the plaintiff.

" That no previous application has ever been made for the relief asked herein."

SECOND DEPARTMENT, MAY TERM, 1893.

*Henry F. & James Coupe*, for the appellants.

*David J. Newland*, for the respondent.

BARNARD, P. J. :

The papers show that the defendants published of and concerning the plaintiff, very injurious charges and imputations affecting her character for chastity. The publication is based upon allegations of fact which ought to have been known to the defendants before the publication was made. The defendants seek to examine the plaintiff before answer, so as to determine from her examination whether the defendants will be able to answer that the libel published was true.

The case of *Miller* v. *Brooks* (48 N. Y. St. Repr. 146) is a decisive authority against upholding an order for such purpose. The court in that case upheld an order vacating an order for the examination of a plaintiff before answer.

The order appealed from should be affirmed, with costs and disbursements.

PRATT, J., concurred.

Order affirmed, with costs and disbursements.