GILBERT v. FITZGERALD. (Supreme Court, General Term, First Department. June 15, 1894.) Action by Frederick L. Gilbert against James M. Fitzgerald. No opinion. Motion denied.

GILBERT, Respondent, v. LONG ISLAND R. CO., Appellant. (Supreme Court, General Term, Second Department. July 27, 1894.) Appeal from circuit court, Kings county. Action by Frank T. Gilbert against the Long Island Railroad Company to recover damages for personal injuries. William C. Beecher, for appellant. Charles J. Patterson, for respondent.

DYKMAN, J. This is an action for the recovery of damages for injuries inflicted by an engine upon the defendant's road. The accident happened near Ozone Park, on Long Island, where the track runs nearly north and south. The plaintiff, with a man named Styler, was riding in a wagon drawn by one horse. Styler was driving, and they were coming from the east towards the west, and, as they approached the railroad, there was a train passing north. He stopped 60 or 70 feet from the track, and waited until that train moved away. There were two tracks at that place, and the passing train was on the easterly track, nearest to the plaintiff. After the train passed, the wagon of the plaintiff started to cross behind it, and was struck by the engine of a south-bound train on the westerly track. The plaintiff was thrown from the wagon, and received serious injuries. The cause was tried before a jury, and the plaintiff recovered a verdict of $7,500. From the judgment entered upon the verdict, and from the order denying a motion for a new trial on the minutes of the court, the defendant has appealed. The usual questions in this class of cases were raised upon the trial, and testimony in relation to the question of negligence on the part of the defendant, and the contributory negligence of the plaintiff, and it was a proper case for the jury. The case was properly presented by the charge of the trial judge, which is free from error. We must assume that the jury found the facts according to the testimony introduced on behalf of the plaintiff, and that was amply sufficient to sustain the verdict. The judgment and order should be affirmed, with costs.

GRAY v. BAKER et al. (Supreme Court, General Term, Second Department. June 18, 1894.) Action by Leonora S. Gray against William T. Baker and another. No opinion. Order affirmed, with $10 costs and disbursements. See 19 N. Y. Supp. 940; 23 N. Y. Supp. 387.

GREEN, Respondent, v. MIDDLESEX VAL. RY. CO., Appellant. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Action by Ida Green against the Middlesex Valley Railway Company. No opinion. Motion to strike case from the calendar and for affirmance granted, with costs, unless printed papers are served on or before the second Thursday of the term.

GUNTHER v. GUNTHER. (Supreme Court, General Term, Second Department. June 18, 1894.) Action by Albert E. Gunther against Emma S. Gunther. No opinion. Order affirmed, with $10 costs and disbursements.

HALLIDAY, Respondent, v. NICHOLS et al., Appellants. (City Court of New York, General Term. June 20, 1894.) Appeal from trial term. Action by William Halliday against Harry I. Nichols and others. Baldwin & Boston, for appellants. William M. Safford, for respondent.

NEWBURGER, J. This is an appeal from a judgment in favor of the plaintiff against the defendants, entered on a verdict of a jury, and also from an order denying a motion for a new trial. The complaint alleges that the defendants had converted to their own use the sum of $693.50. The answer of the defendants denied the deposit of the moneys with the defendants, except with the defendant H. I. Nichols; and, further, that the deposit consisted of a check of no particular value. The demand and refusal to deliver to plaintiff the money were not denied. The answer further alleged that one O'Connor deposited with the defendant H. I. Nichols a certain check of said O'Connor, and requested and authorized the said H. I. Nichols to deliver the same to the plaintiff in case and only upon condition of the consolidation of certain western railroads, and on the further condition that certain bonds were issued by the consolidated companies, and in case of said conditions, or either of them, failing of fulfillment on or before the 15th day of July, 1893, then the said check was to be returned to said O'Connor; that the consolidations were not effected on or before the said 15th day of July, 1893, and the said bonds were not issued on or before the said 15th day of July, 1893. On the trial, plaintiff offered in evidence certain exhibits, in which the defendants acknowledged the receipt of the sum of $693.50, to be held by them until the 15th day of July, 1893, and which moneys were paid to plaintiff, conditioned upon the consolidation and issue of bonds in accordance with the terms of proxy. The evidence clearly shows that the plaintiff complied with all the conditions so far as he was required to do. It is claimed, however, by defendants, that the consolidation and issue of bonds did not take place on or before the 15th day of July, and therefore one of the conditions under which the money was held by defendants was not complied with. The deposition of the general counsel for the railroads, offered and read in evidence, shows that the consolidated road, by the proper meeting of its stockholders, on the 13th day of July, authorized the consolidation of the roads and the issuance of the bonds. The evidence clearly shows that the defendants received the moneys, and that the plaintiff was entitled to receive the same. A careful examination of the case fails to disclose any errors on the trial that would warrant us in disturbing the judgment. Judgment affirmed, with costs.

HARBECK, Appellant, v. PUPIN et al., Respondents. (Supreme Court, General Term, First Department. April 13, 1894.) Action by Henry Harbeck against Sarah K. Pupin and others. J. I. Richards, for appellant. G. C. Holt, for respondents. No opinion. Judgment affirmed, with costs, on opinion handed down on previous appeal. See 25 N. Y. Supp. 952.

HARMON, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Action by Alice Harmon by guardian, etc., against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order appealed from reversed, and new trial granted, costs to abide the event, unless within 20 days the respondent stipulates to reduce the recovery of damages to $4,000, in which case the judgment be so modified, and as modified affirmed, without costs of this appeal to either party. See 28 N. Y. Supp. 1128, mem.

HARPER, Appellant, v. HART, Respondent. (Supreme Court, General Term, Third Department. July 14, 1894.) Action by Elvira Harper against Elma A. Hart. No opinion. Order affirmed, with $10 costs and printing and other disbursements.

HARRIS v. KENYON et al. (Supreme Court, General Term, Third Department. July 14, 1894.) Action by Mary C. Harris against James H. Kenyon and Ellen M. Kenyon. No opinion. Order affirmed, with $10 costs and printing and other disbursements.